ADA BALTER and CHARLES BALTER, Plaintiffs, *v.* C. FRED WEBNER, Defendant.

City Court of New York, Special Term, Bronx County, September 30, 1940.

*Benjamin Herdes*, for the plaintiffs.

*Adolph F. Bruenner*, for the defendant.

ADLERMAN, J. Plaintiff brought an action to recover damages for personal injuries arising out of an automobile accident. An automobile owned and operated by C. Fred Webner, a New Jersey resident, and an automobile owned and operated by one Maidenbaum, collided near Middletown, N. Y. Plaintiffs were riding in the Maidenbaum car. Jurisdiction of Mr. Webner, the non-resident

operator and owner of said automobile, was obtained pursuant to section 52 of the Vehicle and Traffic Law of this State by serving the Secretary of State, and forwarding copy of summons and complaint by registered mail to Mr. Webner. Subsequently, issue was joined by the service of an answer and the case noticed for trial, and placed upon the calendar. The defendant C. Fred Webner died on January 26, 1940, and the action abated on the death of the said defendant. Subsequently Martha Webner, wife of the decedent, a New Jersey resident, was appointed executrix of the estate of the said C. Fred Webner, deceased, by the surrogate of Essex county, N. J. Plaintiff now moves for leave to serve a supplemental summons and amended complaint and to continue the action against the executrix of the deceased pursuant to section 118 of the Decedent Estate Law.

It is the well-settled law of this State that foreign executors, executrices or administrators are not subject to suit in the courts of this State. (*Helme* v. *Buckelew*, 229 N. Y. 363; *Vecchione* v. *Palmer*, 249 App. Div. 661.) In *Helme* v. *Buckelew* it appeared that the foreign executrix was served within the State by a summons issued out of the Supreme Court and the said foreign executrix contested the jurisdiction of the court; the Court of Appeals, Mr. Justice CARDOZO writing the opinion of the court, sustained her contention that foreign executors, etc., are not subject to suit in our courts. So it was held in the case of *Vecchione* v. *Palmer* (249 App. Div. 661) that the service of a summons and complaint made pursuant to section 52 of the Vehicle and Traffic Law upon a foreign executor will be vacated. In that case the court said: " Chapter 795 of the Laws of 1935, [section 1] which adds section 118 to the Decedent Estate Law, is not efficient legally to enlarge the scope of section 52 of the Vehicle and Traffic Law, so as to permit the questioned service of process. Indeed, even if section 52 were to be amended in terms to permit such service upon a foreign executor, it would be futile in that aspect, for it would assume to subject such an executor to a suit *in personam* in our courts. (*Hopper* v. *Hopper*, 125 N. Y. 400; *Helme* v. *Buckelew*, 229 id. 363; *Rogers* v. *Gould*, 210 App. Div. 15; affd., 240 N. Y. 564.)" Plaintiffs, however, urge that the court, having once acquired jurisdiction of the defendant prior to his death, is empowered to continue the action against Martha Webner the foreign executrix. Section 52 of the Vehicle and Traffic Law, being in derogation of the common law, should be strictly construed, and neither in its express terms nor in its implications of said section can permit the service of process upon such an executor of a deceased non-resident owner or operator. " The scope of such statute was not

enlarged so as to permit such service of process on such an executor by a statute authorizing the continuance of actions for injuries to persons or property brought against personal representatives." (125 A. L. R. 467.) I am of the opinion that the law does not permit the continuance of the action against Martha Webner, the foreign executrix; that the court cannot acquire jurisdiction over her and is without power to render a judgment against her. Motion denied.