**NEIMAN–MARCUS COMPANY,**
Plaintiff,
v.
**Jack LAIT and Lee Mortimer,**
Defendants.

**Mrs. Jane GRIMES et al., Plaintiffs,**
v.
**Jack LAIT and Lee Mortimer,**
Defendants.

**Jack FRANKLIN et al., Plaintiffs,**
v.
**Jack LAIT and Lee Mortimer,**
Defendants.

United States District Court,
S. D. New York.
Nov. 10, 1954.

See also 14 F.R.D. 159.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, and Arnold, Fortas & Porter, Washington, D. C., for plaintiffs.

Schmidt, Egan, Kenny, Smith & Murray, New York City, for defendants.

BICKS, District Judge.

Plaintiffs move to substitute Laura Belle Lait as executrix of the last will and testament of the defendant, Jack Lait, as a party defendant pursuant to Rule 25(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1]

It is not disputed that:

(1) This Court had valid jurisdiction over the original parties.

(2) Jack Lait, one of the original defendants, died.

(3) The claim against the said defendant was not extinguished by his death.

(4) Laura Belle Lait was duly appointed executrix of the last will and testament of the said defendant by the Superior Court of the State of California, where said defendant was domiciled at the date of his death.

(5) This application was made within two years after the death of said defendant.

(6) Service of this application together with notice of hearing was duly made on said executrix in accordance with Rule 4 of the Federal Rules of Civil Procedure.

■ In resisting this application counsel for the executrix urges that this Court lacks authority to grant the requested relief, citing State Court cases[2] holding that a foreign executor or administrator may not be sued in the State Court.

This argument fails to recognize the distinction between original jurisdiction and retaining it in a pending cause. The effect of substituting the executrix is to continue the existing action against the testator and not to institute one against the executrix. Commercial Solvents Corp. v. Jasspon, D.C., 92 F. Supp. 20.

1. "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district."

2. Helme v. Buckelew, 229 N.Y. 363, 128 N.E. 216; Balter v. Webner, 175 Misc. 184, 23 N.Y.S.2d 918.

An ancillary estate representative has been appointed by the New York Courts and it is urged that he, rather than the domiciliary executrix, is the proper party to be substituted. Before the event which gave rise to the need for substitution the judgment, if any, could be satisfied out of the assets of defendant wherever found; a judgment against the ancillary representative, however, could be satisfied only out of the limited assets in his hands.[3] The interposition of an ancillary executor does not oust this Court of its jurisdiction over the domiciliary executrix and should not be permitted to operate to the prejudice of the plaintiffs.

The motion is granted.

3. Brown v. Fletcher's Estate, 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966.