Harold J. Crawford, J.
Motion by plaintiffs for an order substituting the administratrix of Horace Titus in his place as defendant and amending the title accordingly.
Plaintiffs are suing to recover damages for personal injuries sustained in an automobile accident which occurred in Queens County, New York, on August 17, 1957. At the time of the accident Horace Titus was a resident of Connecticut. The action was commenced against him by personal service of the summons and complaint upon him on September 17, 1957. He appeared in the action and served an answer through his attorneys on October 31, 1957. He died on April 18, 1958, still a resident of Connecticut. Tobey Titus was appointed administratrix of his estate by the Probate Court for the District of Greenwich. By this motion plaintiffs seek to substitute Tobey as party defendant in place of Horace.
The attorneys for Horace, appearing specially to oppose the motion, contend that plaintiffs cannot obtain jurisdiction over the foreign administratrix of a deceased nonresident in an action in personam. That is the New York common-law rule generally. (McMaster v. Gould, 240 N. Y. 379; Helme v. Buckelew, 229 N. Y. 363; Hopper v. Hopper, 125 N. Y. 400.)
The law was amended, however, in 1945 to permit service of process on, and continuation of a pending action against, the legal representative of a deceased nonresident motorist when the action arose out of an accident occurring in this State, based on the nonresident’s implied consent to the irrevocable appointment of the Secretary of State as his agent for the receipt of service of process. (L. 1945, ch. 719, now a part of Vehicle and Traffic Law, § 253.) The validity of that statute was upheld in Leighton v. Roper (300 N. Y. 434).
The attorneys for Horace argue, however, that since service upon Horace was originally effected by personal service and not through the Secretary of State, section 253 of the Vehicle and Traffic Law is wholly inapplicable.
The purpose of section 253 of the Vehicle and Traffic Law was to equate service upon the Secretary of State with personal service. The section specifically provides that “ such use or *52 operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state
Clearly, then, the provision for continuing the action against the executor or administrator of a nonresident motorist applies whether the action was originally commenced by service of process on the nonresident through the Secretary of State as his agent or by service on the nonresident himself personally within the State.
The motion to substitute the administratrix of Horace in his place as party defendant is granted.