MILDRED GRUBERGER, as Administratrix of the Estate of MAX GRUBERGER, Deceased, et al., Respondents, v. TOBEY TITUS, as Administratrix of the Estate of HORACE TITUS, Deceased, Appellant, et al., Defendant.— In a negligence action to recover damages for injuries to person and property and for loss of services, the defendant Tobey Titus, appearing specially as administratrix of the estate of the deceased defendant, Horace Titus, appeals from an order of the Supreme Court, Queens County, dated January 24, 1962, which (1) granted plaintiffs' motion under section 118 of the Decedent Estate Law to substitute said administratrix as a party defendant in place of Horace Titus, deceased, and (2) amended the title of the action accordingly. Order reversed, with $10 costs and disbursements, and motion denied, without prejudice to an application, if the plaintiffs be so advised, for the appointment in this State of an ancillary administrator for the estate of the deceased defendant Horace Titus, and to continue the action against the estate by joining such ancillary administrator as a party defendant. This action arises from a motor vehicle accident which occurred August 17, 1957 on Whitestone Parkway in Queens. Plaintiffs allege that one of the vehicles involved had Connecticut registration and was owned and operated by the defendant Horace Titus. While he was a resident of that State he was served personally in New York and interposed his answer in the action. Subsequently, he died a resident of Connecticut, and the Probate Court of that State appointed Tobey Titus administratrix of his estate. Ancillary letters of administration were not issued or sought in New York. Section 52 (now § 253) of the Vehicle and Traffic Law provides that an action in this State against a nonresident motorist may be commenced by serving a summons on the

Secretary of State. This statute further provides that where an action "has been duly commenced under the provisions of this section" by service upon a nonresident defendant who dies thereafter, the court upon motion and upon such notice as it deems proper, must allow the action to be continued against his executor or administrator. The instant action, however, was not commenced under the provisions of section 52 by the service of a summons on the Secretary of State. Instead, it was commenced against the nonresident Horace Titus by personal service on him under the provisions of section 220 of the Civil Practice Act. Consequently, section 52 has no application here. There is thus no authority, statutory or otherwise, for continuing this action in personam against the intestate's legal representative, a foreign administratrix (*Cosgrove* v. *Weierman,* 3 A D 2d 940; *Helme* v. *Buckelew,* 229 N. Y. 363; *McMaster* v. *Gould,* 240 N. Y. 379; *Leighton* v. *Roper,* 300 N. Y. 434). However, it may be that plaintiffs should be able to obtain in this State the appointment of an ancillary administrator for the estate of the deceased defendant Horace Titus, and continue the action against the estate by joining such ancillary administrator as a party defendant (*Matter of Riggle,* 11 A D 2d 51, affd. 11 N Y 2d 73). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur. [33 Misc 2d 50.]