Edward T. McCaffrey, J.
This is a motion to dismiss the complaint pursuant to OPLR 3211 (subd. [a], par. 8) brought by defendant Helen Travers Jay, individually and as executrix under the last will and testament of Helen King Rollinson, deceased. Helen Travers Jay is a resident of the State of New Jersey, as was her testatrix, and in which State she was appointed executrix; no ancillary letters testamentary have been issued in New York. Personal service of the summons and complaint was made on this defendant, in both capacities, at her home in Princeton, New Jersey. This action is brought by plaintiff to compel Helen Travers Jay, as executrix of the estate of Helen King Rollinson, deceased, to account for Mrs. Rollins on’s proceedings as trustee of a New York testamentary trust and, with respect to Helen Travers Jay, individually and as executrix, plaintiff seeks an adjudication of the rights of the respective parties in and to the interest in a New York partnership, of which Mrs. Rollinson was trustee and over which she possessed a power of appointment pursuant to the terms of the testamentary trust. Plaintiff and this defendant have both made claims to this property, located in New York County, and plaintiff seeks an adjudication by this court of the merits of these conflicting claims.
This defendant alleges that the personal service made outside of this State confers no jurisdiction on this court. I am of the opinion that the law is otherwise.
CPLR 314 (subd. 2) clearly provides that service may be made without the State, in any action ‘ ‘ where a judgment is demanded that the person to be served be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited ; or otherwise affecting the title to such property Therefore, the service made herein unquestionably gives this court in rem jurisdiction to adjudicate the rights, if any, of Helen Jay Travers *103 and the other parties in and to the property which is located in New York.
This defendant further contends that this court has no jurisdiction over a foreign executrix and that, therefore, there is no in personam jurisdiction over Helen Jay Travers, as executrix under the last will and testament of Helen King Bollinson. While this contention seems to have been the law prior to the enactment of the CPLR, CPLR 302 has expanded the jurisdiction of this court over ‘ ‘ any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent he: 1. transacts any business within the state”. During the course of her trusteeship, the late Helen King Bollinson, a non-domiciliary, acting as a partner in the New York partnership, transacted business within the State, and the cause of action which seeks an accounting of her proceedings as trustee of said partnership clearly stems from her activities while transacting such business and, therefore, she or her executor would be subject to our jurisdiction. CPLR 313 states that a person “ subject to the jurisdiction of the courts of the state under section 301 or 302, or Ms executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state ”. (Emphasis added.)
It is apparent to this court that the specific intent of these statutes is to authorize service in all types of actions upon the nonresident administrator or executor of a deceased person who would be subject to in personam jurisdiction were he alive (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 313.05). Personal service upon the executrix herein was admittedly made in accordance with CPLR 313 and, as her testatrix would have been subject to our jurisdiction pursuant to CPLR 302, the executrix is likewise subject to our jurisdiction.
There is, however, no basis shown for the exercise of in personam jurisdiction over Helen Travers Jay, individually, and to that extent only the motion is granted, and it is denied in every other respect. The defendant is directed to serve her answer within 20 days after service of a copy of the order to be settled hereon with notice of entry thereof.