Mildred DOLGOW, Benjamin Dolgow, Sarah Fischer, and Reuben Isaacson, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

Dillon ANDERSON et al., Defendants.

No. 66–C–1057.

United States District Court
E. D. New York.

Nov. 6, 1968.

Avrom S. Fischer, Brooklyn, N. Y., for plaintiffs.

Shearman & Sterling, New York City, for defendant Monsanto Co.; John A. Wilson, Michael J. DeSantis, New York City, of counsel.

Sullivan & Cromwell, New York City, for individual defendants; Roy H. Steyer, James Bowers, New York City, of counsel.

Cole & Deitz, New York City, for Mercantile Trust Co. National Assn.; Anthony J. D'Auria, New York City, of counsel.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

This action by Monsanto Company stockholders charges the corporation's principal officers and directors with misleading the public about corporate prospects while they were selling their holdings at artificially inflated prices. See Dolgow v. Anderson, 43 F.R.D. 472 (E.D. N.Y.1968), 43 F.R.D. 21 (E.D.N.Y.1967). During the pendency of the action, one of the individual defendants, Edgar Monsanto Queeny (Queeny), a former chairman of Monsanto's Board of Directors, died. Plaintiffs have moved pursuant to Rule 25(a) (1) of the Federal Rules of Civil Procedure to substitute the Mercantile Trust Company National Association (Trust Company), the executor of Queeny's estate. The Trust Company resists primarily on the grounds that the claim for relief abated on death and that it may not be sued in this district. For the reasons set forth below, the motion is granted.

## TIMELINESS OF MOTION

Rule 25(a) (1) provides that if "the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death," substitution may be ordered by the court if "a party dies and the claim is not thereby extinguished." The motion is timely. Although Queeny died more than ninety days ago and this fact was almost immediately made known to plaintiffs at a deposition, no statement of the fact of death has yet been served.

A statement made in passing during a deposition is not "a statement of the fact of death" within the meaning of Rule 25. See Official Form 30, Federal Rules of Civil Procedure. Substitution may be made prior to service of the statement. 4 Moore's Federal Practice ¶ 25.-02, p. 62 (1967 Supp.).

Attorneys are sometimes so harassed during the course of a litigation that they may well overlook an informal suggestion of death. When the consequences to the client of a slightly delayed reaction may be severe and the burden of providing formal notice is slight, insistence on the observance of procedural ritual is justified.

## SURVIVAL OF CLAIM

The Trust Company argues that the action abated upon Queeny's death since the plaintiffs do not explicitly allege that Queeny personally benefitted from his alleged improper activities and since the cause of action is "penal" in nature. This contention has little merit. A benefit to a decedent is not a prerequisite for survival of claims based on violations of the federal securities acts, since such claims are not penal in nature. See Derdiarian v. Futterman, 223 F.Supp. 265 (S.D.N.Y.1963); cf.,

Banana Distribs. Inc. v. United Fruit Co., 27 F.R.D. 403 (S.D.N.Y.1961) (antitrust action).

■ In any event, one of the theories of the complaint is that Queeny profited by selling some of his holdings in Monsanto at an inflated price. Where the decedent received some benefit as a result of his tort there is no abatement. See, e. g., United Copper Sec. Co. v. Amalg. Copper Co., 232 F. 574 (2d Cir. 1916); Sullivan v. Associated Billposters & Distribs., 6 F.2d 1000, 42 A.L.R. 503 (2d Cir. 1925); Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 128 F.2d 645, 649 (4th Cir. 1942). To allow substitution as to only part of plaintiffs' claims during the preliminary stage of an action is pointless. In a complex action based on charges of securities fraud the exact theory and nature of the claim is often not determined until discovery has been completed. Since there are other defendants, limiting the extent of substitution cannot reduce the expense of discovery-deposition procedure. Cf. Fed. R.Civ.P. 30(b). Any motion by the Trust Company for partial judgment would be denied in the exercise of the court's discretion. See Fed.R.Civ.P. 12(d).

## VENUE

Trust Company points out that it is a national bank established and located in St. Louis, Missouri, and not in this district. It contends that substitution is barred by the 1875 venue provision of the National Bank Act. 12 U.S.C. § 94.

Section 94 of title 12 permits an action against a national bank in the district in which it is "established" or "located." The Supreme Court has declared that this statute "must be given a mandatory reading"—i. e., that the word "only" must be read into it. Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 562, 83 S.Ct. 520, 524, 9 L.Ed.2d 523 (1963).

Despite the strong federal policy in favor of minimizing the burden of complex litigation, this restrictively interpreted venue statute has been applied in situations where wasteful multiple litigation might result. Id. at 563–564, 83 S.Ct. 520. And, the Court of Appeals for this Circuit has recently held—albeit "with regret"—that section 94 overcomes the more liberal venue provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300 (2d Cir.), cert. denied, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968).

■ Reliance on this hoary venue statute is misplaced. It "fails to recognize the distinction between original jurisdiction and retaining it in a pending cause." Neiman-Marcus Company v. Lait, 17 F.R.D. 119 (S.D.N.Y.1954). A line of cases, long predating this venue provision and beginning at least with the opinion of Chief Justice Marshall in the 1824 case of Mollan v. Torrance, 9 Wheat. 537, has firmly established the proposition that a federal court cannot be ousted of jurisdiction by a mere change of parties during the course of litigation. See, e. g., Smith v. Sperling, 354 U.S. 91, 93, n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (while action pending plaintiff died and administrator, a citizen of the same state as defendants, substituted; diversity jurisdiction not defeated); Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93 (1894); Phelps v. Oaks, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888 (1886); Brough v. Strathmann Supply Co., 358 F.2d 374 (3d Cir. 1966); Alleghany Corp. v. Kirby, 218 F.Supp. 164, 170 (S.D.N.Y.1963), aff'd, 333 F.2d 327 (2d Cir. 1964), cert. dismissed sub nom. Holt v. Alleghany Corp., 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966); Neiman-Marcus Company v. Lait, 17 F.R.D. 119 (S.D.N.Y.1954) (substitution of foreign executrix permitted even though original jurisdiction could not have been obtained over executrix); 4 Moore's Federal Practice ¶ 25.05 at p. 517. The rationale of these decisions is that jurisdiction "depends upon

the state of things at the time of the action brought" (Mollan v. Torrance, 9 Wheat. 537, 539 (1824)), not at the time of substitution.

This jurisdictional principle is a fortiori applicable to venue. Like jurisdiction, venue "once properly established, * * * [is] unaffected by the change in parties, since it relates to the institution of the suit." 4 Moore's Federal Practice ¶ 25.05 at p. 517, n. 1. Cf. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 435, 53 S.Ct. 202, 77 L.Ed. 408 (1932).

It is undisputed that this Court had jurisdiction over Queeny and that venue was properly laid in the Eastern District of New York. The substitution of the Trust Company for Queeny would in no way change the nature of the action. Cf. Grady v. Irvine, 254 F.2d 224 (4th Cir.), cert. denied, 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60 (1958) (substitution required new theory under state law).

This litigation is approximately two years old. Queeny participated fully until his death. For procedural purposes, it is entirely fortuitous that a national bank was appointed as executor of his estate. Appearing in a representative capacity, the Trust Company stands in Queeny's shoes. See Neiman-Marcus Company v. Lait, 17 F.R.D. 119, 120 (S.D.N.Y.1954) ("The effect of substituting the executrix is to continue the existing action against the testator and not to substitute one against the executrix").

Moreover, this litigation was a matter of public record at the time the Trust Company accepted its appointment as executor. If it chooses to accept the benefits of this position, it cannot avoid assuming its obligations including the defense of pending actions against the deceased. Cf. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932); Exchange National Bank of Chicago v. Abramson, 45 F.R.D. 97, 105–107 (D. Minn.1968); Lichtenfels v. North Carolina National Bank, 260 N.C. 146, 132 S.E.2d 360, 1 A.L.R.3d 897 (1963); Annotation, Waiver by National Bank of Statutory Right to be Sued in District Where Established or in Which it is Located, 1 A.L.R.3d 904 (1965).

Complex actions of this sort usually involve many parties and take many years to complete. The people involved are often powerful men, well along in their years, and the possibility of the death of one or more of the parties during the course of the litigation is substantial. The cost of a new action in another state might well permit the estate to escape completely. Such a result is not consonant with the strong policy embodied in the federal rules of deciding entire disputes on the merits as speedily and cheaply as possible. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed. 2d 8 (1965). Cf. Iovino v. Waterson, 274 F.2d 41, 79 A.L.R.2d 519 (2d Cir. 1959), cert. denied sub nom. Carlin v. Iovino, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed. 2d 867 (1960) (Erie doctrine inapplicable to Rule 25).

Applying section 94 or like venue provisions in the manner suggested by the Trust Company would enable persons in Queeny's position to permit their estates to escape from their legal responsibilities when impending death becomes apparent during the course of a lawsuit. The language of this venue statute does not require this Court to reach such an absurd result.

The motion to substitute is granted.

So ordered.