Miqueas TEN, Plaintiff,

v.

SVENSKA ORIENT LINEN, Defendant
and Third-Party Plaintiff,

v.

NACIREMA OPERATING CO., INC.,
Third-Party Defendant.

No. 72 Civ. 4913.

United States District Court,
S. D. New York.

April 21, 1980.

Kenneth Heller, New York City, for
plaintiff.

Haight, Gardner, Poor & Havens, New
York City, for defendant and third-party
plaintiff.

Fogarty, McLaughlin & Semel, New York
City, for third-party defendant.

## MEMORANDUM AND ORDER

OWEN, District Judge.

This is a motion to substitute an estate
representative for a deceased plaintiff.
The procedural history of this case is as
follows. Miqueas Ten originally brought
this action in New York Supreme Court to
recover damages for personal injuries sus-
tained on September 12, 1972 while working
as a longshoreman in the employ of Nacire-
ma Operating Co., Inc., on a vessel owned
by Svenska Orient Linen ("Svenska"). De-
fendant Svenska removed the action to this
court on November 14, 1972 and impleaded
the plaintiff's employer.

The case was scheduled for trial on Feb-
ruary 23, 1977. On the morning of the
trial, plaintiff's attorney, Kenneth Heller,
Esq., appeared and requested an adjourn-
ment because his client, residing in Puerto
Rico and in marginal health for some time,
had become too ill to travel to New York.
The adjournment was denied in view of the
fact that plaintiff's deposition, in which he
testified to the alleged acts of negligence,
had already been taken, although by de-
fendant. In addition, Svenska had already
gone to the substantial expense of flying a
crucial witness to New York from Saudi
Arabia. Mr. Heller, however, refused to
proceed to trial, and the action was accord-
ingly dismissed for failure to prosecute.
The Second Circuit Court of Appeals vacat-
ed the dismissal order and reinstated the
complaint on the condition that plaintiff's
counsel reimburse Svenska for the expense
of bringing its witness from Saudi Arabia,
and pay defendant's attorney's costs in at-
tending a deposition of plaintiff to be taken
by plaintiff's counsel in Puerto Rico. *Ten*

*v. Svenska Orient Linen,* 573 F.2d 772 (2d Cir. 1978), *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978).[1]

On July 5, 1978, before the case was returned to the court's trial calendar, the plaintiff died. After waiting several months, Svenska served and filed a Suggestion of Plaintiff's Death upon the record on October 25, 1978, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.[2] Under that rule, unless a motion for substitution is made not less than ninety days after death is suggested upon the record, the action shall be dismissed as to the deceased party.

Over a year passed after the Suggestion of Death was filed without plaintiff's attorney taking any action to accomplish the substitution. Finally, on November 1, 1979, Svenska moved to dismiss the complaint. The motion was granted by this court on December 14, 1979 as is set forth at the outset of this opinion, with the provision that the action would continue if plaintiff moved within 45 days to substitute a proper party plaintiff. The 45 day period was due to expire on January 28, 1980. On January 10, 1980, plaintiff's attorney requested an extension of time for an additional month until February 28, 1980. That application was denied on January 15, 1980.

The instant motion to substitute was filed on January 30, 1980, two days after the grace period expired. The supporting affidavit annexed to the notice of motion is barren of facts or circumstances excusing counsel's tardiness. Indeed, it makes no reference whatsoever to the fact that the motion was untimely. Svenska's attorneys, in preparing a response to this motion, discovered and reported to the court that at the time plaintiff's motion was filed no estate representative had been appointed, but that belated efforts were underway to obtain one. It appears that an order appointing the representative was finally signed by a New York County Surrogate on February 5, 1980, seven days *after* plaintiff's motion to substitute was filed.

Svenska opposes plaintiff's motion to substitute as untimely under both Fed.R.Civ.P. 25(a)(1) and this court's order of December 14, 1979. At oral argument on February 29, 1980, Mr. Heller acknowledged that his office, and not his client's widow, was responsible for the one and one-half year delay in appointing and substituting an estate representative. Without offering a further explanation for the delay, Mr. Heller asked the court to grant the motion to substitute by exercise of its discretion.

■ The delay preceding this motion is inexcusable. Mr. Heller has not offered any legitimate explanation for his failure to comply with the time limits prescribed by Rule 25(a)(1) or this court's order of December 14, 1979. Instead, his conduct in this case and demeanor at oral argument reflect a callous disregard for the law and the court. The Surrogate's file, annexed to defendant's opposing affidavit, indicates that Mr. Heller took no steps to obtain the appointment of an estate representative until after this court exercised its discretion by granting him the 45 day extension. At the time of the extension, over a year had passed since the ninety day period to file under Fed.R.Civ.P. 25(a)(1) had expired. At the very least, due diligence would have required that Mr. Heller commence the process of obtaining an estate representative immediately upon the service of the defendant's motion to dismiss.

The resultant delay and uncertainty surrounding the appointment of an estate representative has burdened defendant's counsel with wholly unnecessary litigation. Svenska's counsel, the law firm of Haight, Gardner, Poor & Havens, was compelled to make a motion to dismiss over a year after

1. Defendant's counsel informed the court at oral argument that payment of these expenses were never made because "Mr. Heller, in truth, and I have never really sat down to discuss the amount." Transcript of Hearing on February 29, 1980 at 4.

2. Counsel for defendant Svenska learned of plaintiff's death some time during the summer of 1978. When the Suggestion of Death was filed, an estate representative had not been substituted for the deceased plaintiff by his counsel.

they placed the Suggestion of Death on the record. In addition, after the action was dismissed under the terms of this court's order of December 14, 1979, the firm was confronted with the present untimely motion by plaintiff. It was required to investigate the facts asserted in plaintiff's papers, which proved to be inaccurate, and to respond appropriately to the legal and factual issues presented.

In sum, plaintiff's counsel has been blatantly irresponsible in his conduct with regard to the substitution of an estate representative for the deceased plaintiff. As a result, the action has been substantially delayed, and defendant Svenska has incurred unnecessary expense.

■ Notwithstanding the foregoing, where a negligence action survives the plaintiff's death for the benefit of his widow and children, I am reluctant to visit a dismissal upon innocent clients for the unpardonable conduct of the lawyer. At best, such a course would leave the widow with a malpractice action against her attorney as her only remedy. At the same time, it would be distressing to impose on defense counsel or defendant the unnecessary litigation expenses occasioned by plaintiff counsel's utter lack of care and disregard of the governing legal rules and court orders. I therefore deem it appropriate to require that these expenses be paid as a condition of reopening this case. Furthermore, since it is conceded that plaintiff's counsel and not his client is at fault here, the costs should not be charged to the plaintiff. Fed. R.Civ.P. 60 permits the court to relieve the plaintiff from a dismissal of the action "upon such terms as are just." In this case, equity demands that Haight, Gardner be paid attorneys' fees by plaintiff's counsel from his own funds and not by the widow or estate representative or as a charge against any recovery.

Costs are to be assessed in terms of actual billable time, as opposed to reasonable fees. Thus, I direct that the parties appear before a Magistrate of this court for a determination as to the following: (a) the time spent by Haight, Gardner in preparing defendant's motion to dismiss of November 1, 1979, and in responding to plaintiff's motion to substitute of January 30, 1980; and (b) the normal hourly rate charged by Haight, Gardner for this type of work. On the basis of these calculations, Haight, Gardner is to be reimbursed in full for its fees incurred in connection with these two motions. In addition, Haight, Gardner is to be reimbursed for the time spent before the Magistrate in determining those costs. Following the Magistrate's report on attorneys' fees and review thereof by this court, if sought, and payment of such fees to Haight, Gardner by the firm of Kenneth Heller, the dismissal of this case shall be vacated and the action restored to the calendar of this court.

So ordered.