**In re Emil Paul KLEIN, Debtor.**

**Joseph MELOHN, d/b/a Marjo Enterprises, Plaintiff,**

v.

**Emil Paul KLEIN, Defendant.**

Bankruptcy No. 882–81032–18.
Adv. No. 883–0066–18.

United States Bankruptcy Court,
E.D. New York.

Jan. 20, 1984.

Fensterheim & Fensterheim, Attys. for Plaintiff, New York City, for plaintiff.

Holland & Zinker, Smithtown, N.Y., for defendant/debtor.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Defendant, Emil Paul Klein, moves to dismiss the adversary proceeding commenced by deceased plaintiff, Joseph Melohn, d/b/a Marjo Enterprises. Leon Melohn and Alfons Melohn, co-executors of the estate of Joseph Melohn, cross-move to be substituted for decedent in the proceeding.

## FACTUAL CONTEXT

On April 22, 1982, defendant filed a petition under Chapter 13 of the Bankruptcy Reform Act of 1978 ("Code"). Thereafter, the case was converted from Chapter 13 to Chapter 7. Plaintiff, a creditor of defendant, filed a complaint with the clerk of this court on February 4, 1983 commencing this action objecting to defendant's discharge under 11 U.S.C. § 727 and to the dischargeability of a debt defendant allegedly incurred in violation of § 523(a)(2).

Plaintiff died on June 1, 1983. His attorneys advised the court of this fact by letter dated June 23, 1983 and followed this letter with the filing of a document entitled "Suggestion of Death" on July 11, 1983. An affidavit of service transmitted with the document recited that the "suggestion of death" had been served upon counsel for the defendant on July 8, 1983. On August 4, 1983, Leon Melohn and Alfons Melohn were granted letters testamentary as co-executors of the estate of Joseph Melohn.

On November 11, 1983, the attorneys for the defendant moved to dismiss this adversary proceeding premised upon the co-executors' failure to comply with Bankruptcy Rule 7025, which incorporates by reference Rule 25 of the Federal Rules of Civil Procedure, on the ground that they failed to move to be substituted within the prescribed time period. The co-executors cross-moved to be substituted. Decision was reserved.

## RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 25 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Death.

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

FED.R.CIV.P. 25 (West 1983).

Rule 25 was amended in 1963 to ameliorate the harshness of its predecessor section. Prior to 1963, under Rule 25, in the event a motion to substitute was not made within two years from the date of death of a party, the court was constrained to dismiss the action with respect to the deceased party. *See* 3B MOORE, FEDERAL PRACTICE ¶ 25.01–15 (2d ed. 1980).

Moreover, prior to the 1963 amendments, Rule 6 of the Federal Rules of Civil Procedure which gives the court discretion to enlarge time periods set forth in other rules, by its terms did not apply to Rule 25. However, Rule 6 was modified contemporaneously with Rule 25 so as to expand its coverage to Rule 25 as well. *Staggers v. Otto Gerdau Company, Inc.,* 359 F.2d 292 (2d Cir.1966). As a consequence, although under the current version of Rule 25 and Rule 6 a motion for substitution must be made no later than 90 days after the service of the suggestion of death, the court may enlarge the 90 day period upon request made prior to the expiration of such period. In addition, if the application for enlarge-

ment is made after the conclusion of such period, then the court may order substitution if the movant demonstrates excusable neglect. 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1955 at 659 (1972).

DISCUSSION

A significant difference separating the current version of Rule 25 from its predecessor version is that currently the time in which a party may make a motion to substitute or to be substituted is measured from the service of a "suggestion of death" as opposed to from the actual date of death of a party. In light of the importance of the service of the "suggestion" in triggering the running of the 90-day period, the courts have required certain formal requisites to be met before a valid suggestion is deemed served. The basis for the formality requirement has been succinctly stated in *National Equipment Rental v. Whitecraft Unlimited, Inc.,* 75 F.R.D. 507, 510 (E.D.N.Y. 1977): "The burden of providing formal notice is slight. Yet it ensures that the information reaches all parties. Therefore '... insistence on the observance of procedural ritual is justified.' *Dolgow v. Anderson,* [45 F.R.D. 470] at 471" (E.D.N.Y.1968).

■ Under the rubric of procedural formality, and in the interest of providing adequate notice to all entities affected by the death who are involved in the proceeding, the courts have required the suggestion of death to be embodied in a written statement. 45 F.R.D. at 471, *United States v. Miller Brothers Constr. Co.,* 505 F.2d 1031, 1034–35 (10th Cir.1974). Rule 25 requires the suggestion to be "upon the record" and thus it must be served upon "all parties to the action and thereafter, be filed with the clerk of the court." 75 F.R.D. at 510.

Finally, the suggestion should substantially conform to Form 30, contained in the Appendix of Forms to the Federal Rules of Civil Procedure, which provides:

## SUGGESTION OF DEATH UPON THE RECORD UNDER RULE 25(a)(1)

A. B. [describe as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party] suggests upon the record, pursuant to Rule 25(a)(1), the death of C.D. [describe as party] during the pendency of this action. (Added Jan. 21, 1963, eff. July 1, 1963.)

*Yonofsky v. Wernick,* 362 F.Supp. 1005 (S.D.N.Y.1973); *Rende v. Kay,* 415 F.2d 983 (D.C.Cir.1969).

■ In addition to the requirement that a suggestion of death provide adequate information to the appropriate parties, the suggestion may only be served by an appropriate party or representative of an appropriate party.

■ The express language of Rule 25 carefully circumscribes those entities entitled to move to be substituted under Rule 25. The applicable language states "the motion for substitution may be made by any party or by the successors or representatives of the deceased party." It has been held that this clause should be interpreted strictly so as to preclude the attorney for a deceased party, from moving for substitution unless he acts for the "successors or representatives" at the time such motion is made. *Al-Jundi v. Rockefeller,* 88 F.R.D. 244, 246 (W.D.N.Y.1980); *Boggs v. Dravo Corp.,* 532 F.2d 897 (3d Cir.1976); *but see Ten v. Svenska Orient Linen,* 87 F.R.D. 551 (S.D.N.Y.1980). The underlying rationale supporting this proposition is that the attorney for a decedent is no longer acting on behalf of such decedent in light of the fact that his power of attorney would have terminated upon the death of his principal. *Yonofsky v. Wernick,* 362 F.Supp. at 1011. Nor is such attorney acting for decedent's successors and representatives until such time as such successor or representative is officially appointed, and after having been appointed, retains the attorney.

Rule 25 further requires that death be "suggested upon the record by service of a statement of the fact of death *as provided [t]herein for the service of a motion.*" (Emphasis added.) The court is persuaded that this language limits the entities who may suggest death upon the record to those who

may move for substitution. *See* 88 F.R.D. at 246, 75 F.R.D. at 510; *see also* 415 F.2d at 985.

 Under the foregoing analysis, the attorney for a decedent has no authority either to move to be substituted or to suggest the death of his deceased client upon the record. Such action could clearly prejudice the rights of a successor party to whom that attorney bears no legal relationship.

 In the instant case, the attorney for the deceased plaintiff suggested his client's death upon the record prior to such attorney's retention by the estate representatives. Thus, this suggestion is insufficient to trigger the period in which plaintiff's representatives must move for substitution. Therefore, plaintiff's representatives' motion to be substituted is timely.

This conclusion is buttressed by the reasoning of the Court of Appeals for the Second Circuit in a case involving a similar factual predicate. In *Staggers v. Otto Gerdau Company, Inc.*, 359 F.2d at 295, the plaintiff in the action died and a representative of his estate was appointed who duly served and filed a suggestion of plaintiff's death. The motion to be substituted was made by plaintiff's representative but was made several days beyond the 90 day period triggered by the filing of (and presumably service of) the suggestion. The court reasoned that the representative "was under no obligation to file his affidavit of ... [plaintiff's] death on the date that he did. He could have filed it later." *Id.* at 296. By clear implication, the court in allowing the substitution was disinclined to penalize the plaintiff's representative when the 90 day period was commenced solely as the consequence of his (or his attorney's) conduct and not as a tactical maneuver of an adversary, premised upon expediting the action. This was not the typical scenario where a defendant would suggest either plaintiff's or defendant's death upon the record to impose upon plaintiff's side the obligation to move for the substitution of either the plaintiff or defendant's representative. *See Boggs v. Dravo Corp.*, 532 F.2d at 898–99; *Rende v. Kay*, 445 F.2d at

984; *Al Jundi v. Rockefeller*, 88 F.R.D. at 246–47; *Ten v. Svenska Orient Linen*, 87 F.R.D. at 552; *National Equipment Rental Ltd. v. Whitecraft Unlimited Inc.*, 75 F.R.D. at 509; *Yonofsky v. Wernick*, 362 F.Supp. at 1011. In the instant case, it would be even more inequitable to penalize plaintiff's representatives for the filing of a suggestion made by their attorney prior to his retention.

The motion of Leon Melohn and Alfons Melohn, co-executors of the Estate of Joseph Melohn, to be substituted as plaintiffs is granted.

Defendant's motion to dismiss is denied.

It is SO ORDERED.