Elizabeth BARRETT, Individually and as Administratrix of the Estate of Harold Blauer, Deceased, Plaintiff,

v.

UNITED STATES of America, James Cattell, Newton Bigelow, David Marcus, Estate of Amedeo S. Marazzi, Van M. Sim, Herbert K. Greer, Frederick C. Lough, Harris J. North, William M. Creasy, and George S. Leonard, Defendants.

No. 76 Civ. 1061 (CBM).

United States District Court, S.D. New York.

Sept. 9, 1986.

Baer, Marks & Upham by Deborah R. Linfield, New York City, for plaintiff.

Rudoph W. Giuliani, U.S. Atty. for the S.D.N.Y. by Susan Campbell, Beth Kaswan, Asst. U.S. Attys., New York City, for the Estate of Harris J. North.

## OPINION

MOTLEY, Chief Judge.

Plaintiff has moved to substitute the Estate of Harris J. North, for defendant Harris J. North, deceased. Plaintiff's motion is granted for the following reasons.

## DISCUSSION

Harris J. North died on February 11, 1985. He resided in Virginia. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

It is undisputed that this motion was made within 90 days after the suggestion of North's death on the record. Accordingly, this court need only determine whether the section 1983 claims against North survives North's death.

A court, in determining whether a claim brought under 42 U.S.C. section 1983 and the United States Constitution survives the death of a defendant, must consider the law of the state in which the action arose. *Brazier v. Cherry*, 293 F.2d 401 (5th Cir.), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961); *Javits v. Stevens*, 382 F.Supp. 131, 136 (S.D.N.Y.1974). In addition, the absence of federal law with respect to *Bivens* claims dictates resort to state law on those claims. In this case, New York law applies.

Section 11–3.2(a)(1) of New York Estates, Powers and Trusts Law ["N.Y. E.P.T.L."] provides in relevant part:

No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be brought or continued against the personal representative of the decedent.

Plaintiff argues that under New York law section 1983 and *Bivens* actions survive the death of a defendant. Defendant asserts that N.Y. E.P.T.L. section 11–3.2(a)(1) pertains only to tort actions for injury to person or property. Defendant reasons that since the claims against North are for the alleged deprivation of the Estate's civil and constitutional rights, they do not survive under New York law.

Neither plaintiff nor defendant have cited to any Second Circuit decision concerning the survival of section 1983 claims against a deceased defendant's Estate. Second Circuit courts, however, have held that under New York law a section 1983 claim survives a plaintiff's death. *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); *Duchesne v. Sugarman*, 459 F.Supp. 313 (S.D.N.Y.1978). The statutory provision which provides for the survival of a plaintiff's claim after his or her death, section 11–3.2(b) of the Estates, Powers and Trusts Law, is worded similarly to 11–3.2(a)(1), the provision providing for the survival of an action after the death of a defendant. De-

fendant has cited no cases indicating that a cause of action which survives a plaintiff's death does not survive a defendant's death. Moreover, defendant has cited no reasons to justify such a distinction. Thus, controlling precedent indicates that a section 1983 claim would survive a defendant's death under New York law.

Defendant also has submitted the affidavit of Michael D. North, the son and executor of the will of defendant North. Michael D. North has been appointed executor in the state of Virginia. According to Michael North, there is no probate estate of Harris J. North against which the claim could be prosecuted or recovery had. Defendant North, who resided in Virginia, held all of his assets with his wife, as joint tenants with right of survivorship. Upon his death, all of the assets cleared into his wife's name by operation of law. "No estate tax return ... was filed because the gross estate fell below the statutory minimum and because no income was earned in [his] father's name between the date of his death and the final settlement of his Will." Affidavit of Michael D. North, paragraph "3". Defendant argues that there is thus no personal representative of the deceased who could be substituted for him in this action.

██ New York courts in the past have held that foreign executors are not subject to suit in the courts of New York. *Balter v. Webner*, 175 Misc. 184, 23 N.Y.S.2d 918 (City Ct.1940); *see also Gruberger v. Titus*, 16 A.D.2d 813, 228 N.Y.S.2d 899 (2d Dep't 1962). Following the adoption of section 302 of the New York Civil Practice Law and Rules, however, jurisdiction may be exercised over a nonresident executor of a decedent defendant. *Rosenfeld v. Hotel Corporation of America*, 20 N.Y.2d 25, 281 N.Y.S.2d 308, 228 N.E.2d 374 (1967); *Johnson v. Jay*, 45 Misc.2d 101, 255 N.Y. S.2d (N.Y.Co.Sup.Ct.1965). Accordingly, since a personal representative has been appointed for the Estate of Harris J. North, the plaintiffs' motion for substitution is granted.

██ Plaintiff seeks punitive damages against decedent North. Defendants ar-

gue that punitive damages may not be awarded against a decedent. Pursuant to section 11–3.2(a)(1), as amended, however, punitive damages may be awarded if defendant died after August 31st, 1982. Since North passed away after such date, punitive damages may be sought against his Estate.

In conclusion, plaintiff's motion to substitute the Estate of Harris J. North, for Harris J. North is granted.

SO ORDERED.