**160**

Molly ZEIDMAN, Plaintiff,

v.

GENERAL ACCIDENT INSURANCE
COMPANY, Defendant.

No. 85 CIV. 6615 (PKL).

United States District Court,
S.D. New York.

Oct. 26, 1988.

Arnowitz & Singer, New York City (Cleta McCormick, of counsel), for plaintiff.

Frank E. Maher, P.C., Brooklyn, N.Y. (Carole R. Moskowitz, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

Plaintiff, Molly Zeidman, brought this action on August 1, 1985, to recover under a no-fault insurance policy for injuries incurred in a motor vehicle accident. Plaintiff died on August 31, 1986. At present, there has been no substitution of a proper party to replace the now deceased Zeidman. Defendant General Accident Insurance Company ("General Accident") now moves pursuant to Fed.R.Civ.P. 25(a)(1) to dismiss this action for failure to substitute a proper party within the applicable 90 day period. Plaintiff has crossmoved pursuant to Fed. R.Civ.P. 6(b)(2) to extend the time period for substitution on the grounds of excusable neglect.

## FACTUAL BACKGROUND

In 1982, plaintiff was injured in a motor vehicle accident involving a truck owned by Cassone Bakery, Inc. Cassone Bakery was insured by General Accident under a no-fault insurance policy. Complaint ¶¶ 1–6. Pursuant to the New York State Insurance Law, plaintiff filed a no-fault application with General Accident for hospital, medical and insurance expenses incurred as a result of the accident, and plaintiff received $1,248.00 of a possible $50,000 recoverable under the policy.[1] On August 1, 1985, Zeidman brought this action to recover the remaining $48,752.00 under the policy along with interest and costs. The issue in the underlying action is whether General Accident must pay the $50,000 maximum on the no-fault policy or whether it can set off any payments Zeidman receives from Medicare.

---

1. Plaintiff only received a small repayment initially because the parties are awaiting a determination by Medicare of plaintiff's eligibility for future Medicare benefits. Affidavit of Michael H. Singer, Esq. ("Singer Affidavit"), sworn to on July 7, 1988, ¶¶ 14–15.

Plaintiff passed away on August 31, 1986. Certificate of Death attached as Exhibit D to Affidavit of Carole R. Moskowitz, Esq. ("Moskowitz Affidavit"), sworn to on June 1, 1988. Allegedly, plaintiff's counsel did not learn of Zeidman's death until November, 1987.[2] Plaintiff's counsel asserts that the delay occurred because plaintiff's granddaughter, Doris Ehrlich, belatedly told them about her grandmother's death. Affidavit of Doris Ehrlich ("Ehrlich Affidavit"), sworn to on July 14, 1988, ¶¶ 5–6. Defendant, General Accident, filed a Suggestion of Death of Plaintiff with this Court on November 20, 1987. Thereafter, plaintiff's counsel allegedly attempted to transfer the case to counsel for Albert Einstein Hospital where Zeidman had recuperated after the accident. The hospital was owed approximately $80,000 by plaintiff; however, its counsel refused to take over the case. Singer Affidavit ¶¶ 6–8.

Plaintiff failed to substitute another party for Molly Zeidman within 90 days of November 20, 1987, as required by Fed.R. Civ.P. 25(a)(1). General Accident then moved on June 2, 1988, to dismiss the complaint based on the failure to substitute parties pursuant to Rule 25(a)(1). On June 16, 1988, plaintiff crossmoved for enlargement of the time to substitute pursuant to Fed.R.Civ.P. 6(b)(2) and 25(a)(1). Doris Ehrlich was appointed administratrix for the plaintiff's estate on June 16, 1988. *See* Certificate of Administration attached as Exhibit to Ehrlich Affidavit. Plaintiff's counsel now seek to substitute the administratrix, Doris Ehrlich, as plaintiff in this action.

## DISCUSSION

Rule 25(a)(1) states: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.... Unless the motion for substitution is made no later than 90 days after the death is suggested upon the record, ... the action shall be dismissed as to the deceased party." Whether an action should be dismissed for failure to comply with the 90 day time limit lies within the sound discretion of the district court. *See* Fed.R.Civ.P. 25(a)(1) Advisory Committee's Note (1964); *see also Staggers v. Otto Gerdau Company*, 359 F.2d 292, 296 (2d Cir. 1966) ("It is [also] intended that the court shall have discretion to enlarge [or not enlarge] th[e substitution] period."). In making this determination the Court is mindful of the underlying purpose of Rule 25(a)(1) which is to allow flexibility in substitution. To effectuate this purpose, the rule should be liberally interpreted. *Rende v. Kay*, 415 F.2d 983, 986 (D.C.Cir.1969).

Rule 6(b)(2) works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution. *Staggers, supra,* 359 F.2d at 296; *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1013 (S.D.N.Y.1973). Fed.R.Civ.P. 6(b)(2) allows a district court to enlarge the time limit imposed by the Federal Rules for completion of an act "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." If the Rule 6(b)(2) motion is not granted, the "action must be dismissed for failure to comply with the ninety-day limitation of Rule 25(a)(1)." *Id.* The movant has the burden of showing that the failure to substitute within the 90 day period was the result of excusable neglect. *Yonofsky, supra,* 362 F.Supp. at 1012. The party moving for an extension must "demonstrate good faith and ... show 'some reasonable basis for noncompliance within the time specified in [Rule 25(a)(1).]'" *Yonofsky, id.* at 1012 (*quoting* 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1165, at 622 (1969)). It is not sufficient to show that the delay "was due to simple inadvertence." 4A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1165, at 481 (1987).

---

**2.** From 1985 until 1987, the case was in the discovery phase of the litigation. *See* Order, dated July 27, 1987, directing completion of discovery by October 30, 1987; *see also,* letter dated October 27, 1987 from defendant's counsel to plaintiff's counsel (listing various letters from 1986 and 1987, requesting items of discovery and requesting further items be produced by the plaintiff which were still not supplied as of the date of said letter).

The Court emphasizes that the moving party needs to prove both good faith and a reasonable basis for noncompliance in order to be successful under Rule 6(b)(2). Excusable neglect "has proven to be an elastic concept." 4A C. Wright & A. Miller, *Federal Practice and Procedure: Civil*, § 1165 at 479 (1987). It has been found to include clerical errors in recording significant dates with respect to the required 90 day period and difficulty in appointing an acceptable substitute. *See Yonofsky, supra*, 362 F.Supp. at 1014 (difficulty in appointing administrator as excusable neglect); *Colgate–Palmolive Co. v. North American Chemical Corp.*, 238 F.Supp. 81 (S.D.N.Y.1964) (counsel's negligent scheduling of date of returnable service as April 29, 1964, instead of April 28, 1964); *Vandervelde v. Put and Call Brokers and Dealers Association*, 43 F.R.D. 14 (S.D.N.Y.1967) (failure to file brief with motion to substitute, as required by local court rules, as constituting excusable neglect).

■ In the present case, plaintiff's counsel has failed to make an adequate showing of either good faith or excusable neglect with respect to the failure to move in a timely fashion for substitution of a proper party. There has been no showing of good faith on the part of plaintiff's counsel in trying to comply with the 90 day period. Plaintiff's counsel did not even file with the surrogate's court to obtain an administrator until 10 days after General Accident filed its motion to dismiss. Affidavit of Carole R. Moscowitz, Esq., in Opposition to Plaintiff's Crossmotion, sworn to on June 30, 1988, at 6.

At the very least, due diligence would have required that plaintiff's counsel commence the process of obtaining an estate representative immediately upon the service of defendant's motion to dismiss. Plaintiff's counsel's attempts at securing substitute counsel and its inability to convince Doris Ehrlich to be appointed administratrix did not prevent it from applying to the surrogate's court for the appointment of an administrator. In comparison, difficulty in appointing an administrator has only been found to warrant an extension of time under Rule 6(b) where there was also a prompt application for such an appointment. *See Yonofsky v. Wernick, supra*, 362 F.Supp. at 1013. Counsel's allegations that it attempted to replace itself with Albert Einstein's counsel is not an excuse for failure to make timely appointment of an administrator. No reasonable basis for noncompliance has been proffered by plaintiff, and therefore plaintiff has failed to demonstrate excusable neglect.

The argument for not finding excusable neglect is strengthened in this case by the fact that plaintiff's heirs were partially at fault in the failure to move timely to substitute parties. Doris Ehrlich's reluctance to become the administratix and pursue this claim undoubtedly contributed to the prolonged delay. The administratrix, Doris Ehrlich, only agreed to become administratrix after being convinced that she might profit from Zeidman's estate. *See* Plaintiff's Memorandum of Law in Support of Motion for Enlargement of Time ¶ 11 ("[Doris Ehrlich] was extremely reluctant because she did not know if there was any possibility of recovering any compensation"). Since Zeidman's heirs were the primary cause of the neglect, they are not entitled to the motion for enlargement.

Moreover, the resultant prejudice to defendant due to this delay and uncertainty surrounding this litigation strengthen the finding that the delay preceding this motion was inexcusable. *See Al–Jundi v. Rockefeller*, 88 F.R.D. 244, 247 (E.D.N.Y. 1980). In determining that prejudice has occurred, the period of the delay is a relevant factor. *Compare Staggers, supra*, 359 F.2d at 296 (2 day delay was excusable neglect as no prejudice resulted) with *Ashley v. Illinois Central Gulf Railroad*, 98 F.R.D. 722, 724 (S.D.Miss.1984) (waiting until eighty-ninth day after the filing of a suggestion of death to file a motion to substitute as inexcusable neglect where prejudice to defendant existed). Additionally, prejudice can occur due to the unnecessary imposition of the burdens of prolonging litigation. Where there is no action in an underlying litigation for a prolonged period of time, the defendant is unduly burdened in several ways: his coun-

sel is beset with unnecessary litigation, it is compelled to make a motion to dismiss long after the Suggestion of Death was placed on the record, it is required to·respond to plaintiff's untimely motion to substitute, and as a result, defendant incurs unnecessary expense. *See Ten v. Svenska Orient Linen,* 87 F.R.D. 551, 552–53 (S.D.N.Y. 1980). Finally, in determining whether to grant a motion to enlarge, the District Court must keep in mind that the Federal Rules "shall be construed [and implemented in such a manner] to secure, the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see Urban v. Talleyville Fire Co.,* 98 F.R.D. 634, 637 (D.Del.1983) ("[W]hen one side inexcusably fails to comply within a year of the time prescribed by the rules, prejudice to the other side can be implied because such failure tends to deny a speedy and inexpensive resolution of the litigation.") *aff'd without opinion,* 732 F.2d 147 (3d Cir. 1984).

In the case at bar an enlargement of time would result in prejudice to defendant.[3] Plaintiff's counsel did not move to enlarge the time to substitute parties until three months after the expiration of the 90 day period. This delay has forced General Accident to continue to defend an action which plaintiff's heirs have shown little interest in pursuing. *See* Memorandum of Law of Defendant in Opposition to Plaintiff's Cross–Motion to Enlarge 90 Day Time Period at 6. General Accident should not be burdened with the unnecessary costs of defending an action long after the plaintiff has died.

The facts in the instant action do not warrant the granting of an extension of time to substitute parties. Plaintiff has failed to demonstrate either excusable neglect or good faith. Defendant should not be further prejudiced with the burdens of unnecessary litigation simply because plaintiff's heirs belatedly changed their minds and decided that they desire to prosecute this action.

**3.** Plaintiff's statement that irreparable harm will befall it if the motion to enlarge is not granted is misplaced. As stated above, the relevant in-

**CONCLUSION**

In light of the above analysis, defendant General Accident's motion to dismiss is granted and plaintiff's motion to enlarge time is denied.

SO ORDERED.

quiry is prejudice to defendant and not irreparable harm to the moving party.