Wayne **FEHRENBACHER**, Plaintiff,

v.

Robert **QUACKENBUSH**, Defendant.

No. 89–1348–C.

United States District Court,
D. Kansas.

March 6, 1991.

Jerry K. Levy, Topeka, Kan., for plaintiff.

William Tinker, Jr., McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is a diversity of citizenship medical malpractice case arising out of treatment provided by Robert Quackenbush, M.D., to Wayne Fehrenbacher, from mid–1973 through mid–1982, in St. John, Kansas. Fehrenbacher claims that Quackenbush's negligent prescribing of drugs has injured him and caused him to become addicted to various medications. Fehrenbacher also claims that Quackenbush was negligent in failing to refer him to other medical physicians. Fehrenbacher also alleges that Quackenbush committed fraud. Fehrenbacher seeks both compensatory and punitive damages.

This matter comes before the court upon Quackenbush's motion to dismiss based upon Fehrenbacher's failure to move to substitute, as a defendant, a representative of the decedent or his estate within 90 days of the filing of the suggestion of death as required by Fed.R.Civ.P. 25(a). In the alternative, Quackenbush moves for summary judgment. Fehrenbacher requests an order allowing the substitution of Quackenbush's estate as a defendant. The court, having considered the briefs of counsel and applicable law is now prepared to rule on the pending motions.

### Motion to Dismiss

■ Robert Quackenbush died during the pendency of this action. On June 15, 1990, the firm representing Quackenbush in this case filed a suggestion of death pursuant to Fed.R.Civ.P. 25(a). On November 1, 1990, the firm representing Quackenbush in this case filed a motion to dismiss based upon Fehrenbacher's failure to file a motion to substitute a representative of the decedent or his estate. On November 13, 1990, Fehrenbacher responded to Quackenbush's motion to dismiss. In that response, Fehrenbacher argues that Quackenbush has failed to make a valid suggestion of death due to the fact that the pleading does not identify the representative of the successor who could be properly substituted. In the alternative, Fehrenbacher asks the court to extend the period of substitution and allow Fehrenbacher to file a substituted party out of time based upon his "excusable neglect."

Quackenbush responds that Rule 25 does not require the party filing the suggestion of death to indicate the identity of the substituted party. Quackenbush states that "[i]n this case, defendant's counsel could not have identified the person or persons to be substituted parties because such persons have not been made known to defense counsel. No one claiming to be an executor or administrator of Dr. Quackenbush's estate has contacted this counsel." Quackenbush also contends that Fehrenbacher has not demonstrated excusable neglect.

Fed.R.Civ.P. 25(a)(1) provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the mo-

tion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Because it is a fairly infrequent occurrence that one of the litigants to a case dies during its pendency, Rule 25 has not been the subject of much discussion in reported cases.

> Prior to its amendment in 1963, Rule 25(a)(1) required a court to dismiss an action if no motion for substitution had been filed within two years of the death of a party. *See, e.g., Rende v. Kay,* 415 F.2d 983, 984 (D.C.Cir.1969). In order to alleviate the inequities caused by the inflexibility of this rule, *see id.* at 984, Rule 25(a)(1) was amended to require a motion for substitution to be filed within ninety days from the time a suggestion of death is filed in the district court and properly served.

*Grandebouche v. Lovell,* 913 F.2d 835, 836 (10th Cir.1990). *See United States v. Miller Bros. Constr. Co.,* 505 F.2d 1031 (10th Cir.1974). *See also* 7C C. Wright & A. Miller & M. Kane, *Federal Practice and Procedure, Civil* § 1955, at 542 (1986). In *In re McClay,* slip no. 88–1069–C, 1990 WL 66605 (D.Kan. April 26, 1990), this court had occasion to discuss and consider Rule 25 in the context of an appeal from the bankruptcy court.

The court concludes that on the record before it no valid suggestion of death has yet been filed with the court. Two reasons support this conclusion. First, the suggestion of death was made by the attorney representing Quackenbush in defense of this action. "[T]he attorney for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule." 7C C. Wright & A. Miller & M. Kane, *Federal Practice and Procedure,*

*Civil* § 1955, at 545. *See Fariss v. Lynchburg Foundry,* 769 F.2d 958 (4th Cir.1985).

It is apparent from Quackenbush's brief that the firm representing him in defense of this action does not represent Quackenbush's estate. Therefore, the suggestion of death was not made by a party or representative as required by the rule. In fact it is not entirely clear to the court how the firm representing Quackenbush in this action continues to represent the decedent. It is possible that the firm representing Quackenbush in this action was retained by Quackenbush's insurer. However, even if that assumption is correct, the insurance company in this case is not a named party. While the insurance company may be contractually obligated to continue representing Quackenbush in this action, it is not clear from the record as it exists that the firm who made the suggestion of death was in fact a "representative of the deceased party" within the meaning of Rule 25.

In any event, while the suggestion of death in this case is written in conformity with Form 30 found in the Appendix of Forms to the Federal Rules of Civil Procedure,[1] it is clear that Rule 25 has not been satisfied as the suggestion of death has not been served in compliance with Fed.R. Civ.P. 4 on Quackenbush's representatives. *See Grandebouche,* 913 F.2d at 837 (nonparties, specifically the successors or representatives of the deceased party's estate, must be served pursuant to Fed.R.Civ.P. 4).

> [Rule 25] provides that the suggestion of the death upon the record is made "by service of a statement of the fact of death as provide herein for the service of the motion [for substitution]," *i.e.* by service upon parties to the action as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons; and such service may be made in any judicial district. No time limit is placed by the amended Rule upon when the death must be so suggested. Nor is the suggestion of the death upon the record a prerequisite to the motion under amended Rule 25(a) for

---

**1.** *See* Fed.R.Civ.P. 84.

substitution of the proper parties in place of the deceased party. However, 25(a)(1) provides that the action is to be dismissed as to the deceased party, unless substitution is made not later than ninety days after the death is suggested upon the record. Thus it is only when the suggestion of the death upon the record *has been made* that Rule 25(a)(1) now provides a time limit upon substitution. Moreover, the Rule provides for the service of suggestion of the death upon both parties and non-parties to the action, attempting to assure the parties to the action and other concerned persons of notice of the death so that they may take appropriate action to make substitution for the deceased party. Thus, though a time limit is still required for making this substitution, it is measured from the time the suggestion of the death has been served upon the parties to the action and other interested persons, not from the time the deceased party died.

3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 25.06 (2d ed. 1990). In Quackenbush's brief, counsel states: "At this point, the administrator or executor of Dr. Quackenbush's estate has no information, at least to defense counsel's knowledge, regarding this action." Therefore it is clear, in this unusual factual scenario, that Quackenbush's own estate has not been given proper notice of this pending action, and in this court's opinion the ninety day limitation has not yet started to run.

■ As a final comment on this issue, the court notes that Rule 25 does not explicitly require the party making the suggestion of death to identify the decedent's representative. As the parties note, some jurisdictions hold that a valid suggestion of death must identify the representative or successor who may be substituted as a party. *See McSurely v. McClellan*, 753 F.2d 88, 98 (D.C.Cir.1985). In reality, Rule 25 implicitly imposes such a requirement. By requiring service of the suggestion of death on parties and non-parties, the rule implicitly allocates the burden of identifying the substitute party to the party making the suggestion of death.

Quackenbush's motion to dismiss is denied.

*Fehrenbacher's Motion for Substitution*

■ On November 15, 1990, Fehrenbacher filed a motion for substitution requesting the court to "enter an order substituting the estate of Robert Quackenbush as the property [sic] party defendant." Fehrenbacher's motion for substitution is deficient under Rule 25 because the motion for substitution does not name the representative of Quackenbush's estate nor does it appear that the motion for substitution and notice of hearing have been served upon Quackenbush's representatives in compliance with Fed.R.Civ.P. 4.

A motion for substitution for a deceased party may be made by any party or by the successors or representatives of the deceased party. It is not necessary that a suggestion of death be made on the record before a motion for substitution can be made.

The motion for substitution, together with the notice of hearing on the motion, must be served on all the parties to the action, not just the opposing party, as provided in Rule 5. It must be served on persons not parties in the manner provided in Rule 4 for the service of a summons. Thus the procedures of Rule 4 must be followed in serving the motion on the representative or successor of a deceased party.

7C Wright & Miller & Kane, *Federal Practice and Procedure, Civil* § 1956 at 550–551. Therefore, Fehrenbacher's motion for substitution is denied. The court will consider a new motion for substitution if that motion is made in compliance with Rule 25.

*Summary Judgment*

Summary judgment is appropriate when the movant can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R. Civ.P. 1). *See* Fed.R.Civ.P. 56(c).

### Statute of Limitations

■ The parties stipulate that the law governing all issues of this case is the law of the State of Kansas.

Fehrenbacher commenced his first screening panel review on May 15, 1984. Quackenbush moves for summary judgment, contending that Fehrenbacher did not bring this cause of action within the two-year statute of limitations governing medical malpractice actions in Kansas. Quackenbush contends that the uncontroverted facts indicate Fehrenbacher failed to bring this cause of action within two years following the date he was aware of his drug addiction. Quackenbush contends that Fehrenbacher was aware of his injury in the early spring of 1982.

Fehrenbacher responds that summary judgment is inappropriate for several reasons. Fehrenbacher contends that Quackenbush is, at most, only entitled to partial summary judgment. Fehrenbacher contends that he is seeking compensation for injuries beyond those suffered due to drug addiction, and therefore even if he was aware of his injury before May 15, 1984, he is still entitled to proceed with his other claims. Fehrenbacher also contends that he has brought his cause of action for drug addiction within the two-year statute of limitations.

Generally, a medical malpractice action must be brought within the two-year statute of limitations under K.S.A. 60–513(a)(7) and (c).[2] *White v. VinZant,* 13 Kan.App.2d 467, Syl. ¶ 1, 773 P.2d 1169 (1989). K.S.A. 60–513 provides in pertinent part:

(a) The following actions shall be brought within two (2) years:

.   .   .   .   .

(7) An action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract.

.   .   .   .   .

(c) A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four (4) years beyond the time of the act giving rise to the cause of action.

In *Cleveland v. Wong,* 237 Kan. 410, 701 P.2d 1301 (1985), the plaintiff sued the defendant, Dr. Wong, alleging that Dr. Wong had negligently performed surgery resulting in incontinence and impotency. The jury returned a verdict in plaintiff's favor. On appeal, Dr. Wong contended that the plaintiff's cause of action was barred by the statute of limitations.

Dr. Wong contended that the plaintiff was aware of his injuries more than two years before commencing his suit. The initial surgery was performed on May 19, 1978; the plaintiff filed his cause of action on August 14, 1980. The issue of whether the plaintiff's cause of action was barred by the statute of limitations was submitted to the jury. Dr. Wong contended that because the plaintiff knew he was incontinent and impotent immediately after surgery, the fact of injury was reasonably ascertainable to him. The evidence also indicated, however, that incontinence and impotence were normal immediately following TUR surgery. "Thus, while plaintiff knew that he was both incontinent and impotent immediately after surgery, he had no reason to suspect that those conditions were permanent or that those conditions were the result of any negligence or malpractice on the part of the defendant." 237 Kan. at 414, 701 P.2d 1301.

The court concluded that "[w]here there is conflicting evidence as to when a cause

---

**2.** K.S.A. 60–513 was amended on July 1, 1987. *See* L.1987, ch. 222, § 1. The amendment effected no substantive change in the relevant portions of the statute, and in any event the amendment is not relevant to this case.

of action for medical malpractice is deemed to have accrued under K.S.A. 60–513(c), the matter becomes an issue for determination by the trier of fact." 237 Kan. 410, Syl. ¶ 2, 701 P.2d 1301. The court also commented: "The symptoms of the injury were known to the plaintiff, but the fact of injury was not reasonably or immediately ascertainable." 237 Kan. at 415, 701 P.2d 1301. The court concluded that the plaintiff's cause of action was timely filed.

The sole issue presented by this portion of Quackenbush's motion for summary judgment is whether Fehrenbacher brought his cause of action within two years of the date at which his injuries were reasonably ascertainable. The court, having reviewed the submitted portions of the depositions, concludes that the issue of whether Fehrenbacher's injuries were reasonably ascertainable is a question of fact and is not amenable to summary adjudication.

Quackenbush's motion for summary judgment based on the statute of limitations is denied.

### Punitive Damages

■ Fehrenbacher alleges that Quackenbush committed fraud and seeks both compensatory and punitive damages. Quackenbush moves for summary judgment on the issue of punitive damages. Quackenbush contends that the purpose of punitive damages is to punish the wrongdoer. Quackenbush contends that because he is dead, he cannot be punished. Quackenbush contends that as a matter of law, punitive damages cannot be entered against a dead tortfeasor.

Fehrenbacher acknowledges that one of the purposes of punitive damages is to punish the wrongdoer. Fehrenbacher also acknowledges that because Quackenbush is dead, he cannot be punished by an award of punitive damages. Fehrenbacher does contend, however, that the ultimate purpose of punitive damages is to deter and restrain others from the commission of like wrongs and that an award of punitive damages in this case, albeit that the alleged tortfeasor is dead, would serve that purpose.

Neither party has identified any case applying Kansas law that directly addresses this issue. The majority rule is that a claim for punitive damages does not survive the death of the wrongdoer. *Barnes v. Smith,* 305 F.2d 226, 231 (10th Cir.1962); *see* Annotation, *Survival of Punitive Damages Claim,* 30 A.L.R. 4th 707 (1984). A minority of states allow a claim for punitive damages to survive the death of the wrongdoer. *See, e.g., Ellis v. Zuck,* 546 F.2d 643 (5th Cir.1977) (applying Alabama law).

Recently, this court, applying Kansas law, was presented with the issue of whether a claim for punitive damages survives the wrongdoer's death. In *Elam v. Williams,* 753 F.Supp. 1530, 1541 (D.Kan. 1990), the alleged wrongdoer died and his representative moved for summary judgment on the issue of punitive damages, making the same arguments that Quackenbush presents in this case. The plaintiff in *Elam* did not respond to the defendant's argument. This court concluded: "Since the case law in defendants' brief supports the propositions for which they were cited and plaintiffs do not counter with any arguments or authority, the court grants this motion as uncontested." *Id.* at 1541.

In *Wisker v. Hart,* 244 Kan. 36, 766 P.2d 168 (1988), the Supreme Court of Kansas restated the law governing the award of punitive in Kansas.

> Punitive damages may be awarded whenever the elements of fraud, malice, gross negligence, or oppression mingle in the controversy. *Tetuan v. A.H. Robins Co.,* 241 Kan. [441] at 481 [738 P.2d 1210 (1987)]. Punitive damages are awarded to punish the wrongdoer for his malicious, vindictive, or willful and wanton invasion of another's rights, with the ultimate purpose being to restrain and deter others from the commission of similar wrongs.

244 Kan. at 41, 766 P.2d 168.

The court concludes that Kansas would follow the majority rule and not allow an award of punitive damages against the estate of the wrongdoer. Awarding punitive damages would vicariously punish the heirs

**1522**

of the wrongdoer and would not serve to deter potential tortfeasors. *See Thompson v. Estate of Petroff,* 319 N.W.2d 400 (Minn. 1982) (court rejects argument that potential tortfeasor will be deterred from committing an intentional tort by fear that his heirs will be deprived of part of his estate as a result of estate's liability for punitive damages).

Quackenbush's motion for summary judgment on the issue of punitive damages is granted.

IT IS THEREFORE ORDERED that Quackenbush's motion to dismiss (Dk. 65) is denied.

IT IS FURTHER ORDERED that Quackenbush's motion for summary judgment (Dk. 51) based on the statute of limitations is denied. Quackenbush's motion for partial summary judgment (Dk. 51) on the issue of punitive damages is granted.

IT IS FURTHER ORDERED that Fehrenbacher's motion for substitution (Dk. 67) is denied.