**Steve HILSABECK, Plaintiff,**

v.

**LANE COMPANY, INC., Defendant.**

**Civil Action No. 95–2516–GTV.**

United States District Court,
D. Kansas.

Aug. 19, 1996.

Rodney K. Murrow, Herron & Lewis, Kansas City, MO, Donald P. Herron, Herron & Lewis, Kansas City, MO, for plaintiff Steve Hilsabeck.

David P. Madden, Fisher, Patterson, Sayler & Smith, Overland Park, KS, Richard F. Kane, Blakeney & Alexander, Charlotte, NC, for defendant Lane Company Inc.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court upon the plaintiff's motion to dismiss without prejudice (Doc. 9) and upon the defendant's motion to dismiss with prejudice (Doc. 10). For the reasons stated below, both motions are denied.

This wrongful discharge, breach of contract, and retaliatory discharge case was filed in October 1995 and removed to federal court. On March 13, 1996, counsel for plaintiff filed a suggestion of death, notifying the court of the plaintiff's death.

Cross-motions for dismissal have been filed. Counsel for the deceased plaintiff argues that the dismissal should be without prejudice to be fair to the plaintiff's heirs. The defendant argues that dismissal should be with prejudice because no motion for substitution of party was filed within 90 days of the filing of the suggestion of death and because the plaintiff's claims should not survive him.

■ Federal Rule of Civil Procedure 25(a)(1), which governs substitution of parties in the event of death, provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by

service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The 90–day time limit for filing a motion to substitute begins to run after a valid suggestion of death has been made. *Grandbouche v. Lovell,* 913 F.2d 835, 836–37 (10th Cir. 1990); *Enfinger v. Wolf Creek Nuclear Operating Corp.,* No. 95–4071, 1996 WL 254609, *3, n. 3 (D.Kan. Apr. 12, 1996); *Hippen v. Griffiths,* No. 90–2024, 1991 WL 152833, *1–2 (D.Kan. Jul. 9, 1991).

■ For purposes of the pending motions, the suggestion of death on record, which counsel for the deceased plaintiff filed, is not valid. Counsel did not purport to make the suggestion of death on behalf of the decedent's heirs or successors or as a representative of his estate. " '[T]he attorney for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a "representative of the deceased party" of the sort contemplated by the rule.' " *Fehrenbacher v. Quackenbush,* 759 F.Supp. 1516, 1518 (D.Kan.1991) (quoting 7C Charles A. Wright et al., *Federal Practice & Procedure* § 1955, at 545 (2d ed. 1986)); *see Enfinger,* 1996 WL 254609 at *3, n. 3; *Hippen,* 1991 WL 152833 at *1. Additionally, the suggestion of death does not appear to have been served on the successors or representatives of Steve Hilsabeck who are not parties to this action in the manner provided by Fed. R.Civ.P. 4, as Rule 25(a)(1) requires. *See Grandbouche,* 913 F.2d at 837; *Fehrenbacher,* 759 F.Supp. at 1518. Accordingly, the time for filing a motion to substitute a proper party has not run.[1]

■ The defendant also argues that the plaintiff's causes of action should not survive him because they are personal in nature and because the plaintiff had not testified prior to his death. *See Carter v. City of Emporia, Kan.,* 543 F.Supp. 354, 356 (D.Kan.1982)

---

1. In *Fehrenbacher,* 759 F.Supp. at 1519, Judge Crow noted: "Rule 25 does not explicitly require the party making the suggestion of death to identify the decedent's representative.... In reality, Rule 25 implicitly imposes such a requirement.

By requiring service of the suggestion of death on parties and non-parties, the rule implicitly allocates the burden of identifying the substitute party to the party making the suggestion of death."

(§ 1981 claim is personal in nature and does not survive plaintiff's death under K.S.A. § 60–1801, statute for survival of actions in Kansas).

The court finds the argument unpersuasive. In his complaint, the plaintiff alleged wrongful discharge, breach of contract, and retaliatory discharge under the Kansas Act Against Discrimination, K.S.A. § 44–1001 *et seq.* and Title VII, 42 U.S.C. § 2000e *et seq. See, e.g., Anspach v. Tomkins Indus., Inc.,* 817 F.Supp. 1499, 1510 (D.Kan.1993) (Title VII claim survives plaintiff's death under Kansas survival of actions statute, K.S.A. § 60–1801), *aff'd,* 51 F.3d 285 (10th Cir.1995) (Table); *Price v. Holmes,* 198 Kan. 100, Syl. 6, 422 P.2d 976 (1967) ("At common law, and in this state, a cause of action sounding in contract survives the death of either party where the breach thereof results in loss or injury to a property right."); *Pittman v. McDowell, Rice & Smith, Chartered,* 12 Kan. App.2d 603, 611, 752 P.2d 711 (contract claim survives plaintiff's death), *rev. denied,* 243 Kan. 780 (1988).

The defendant's motion to dismiss with prejudice is denied.

■ There is nothing in the record to establish the authority of or authorization for counsel for the deceased plaintiff to file any pleadings in this case, including the pending motion to dismiss. The attorney-client relationship is one of agency and terminates upon the client's death. *State v. Dickens,* 214 Kan. 98, 102, 519 P.2d 750 (1974). Accordingly, counsel for the decedent's motion to dismiss without prejudice is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that the plaintiff's and the defendant's cross-motions to dismiss (Doc. 9 & 10) are denied.

**IT IS SO ORDERED.**