William **KASTING**, Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY** and Michael J. Skousen, and Skousen, Skousen, Gulbrandsen & Patience, P.C., Defendants.

No. 97–4015–SAC.

United States District Court, D. Kansas.

July 7, 2000.

Dan E. Turner, Phillip L. Turner, Turner & Turner Law Firm, Topeka, KS, for plaintiff.

Steven r. Fabert, Fisher, Patterson, Sayler & Smith, Topeka, KS, for American Family Mutual Insurance.

Hal D. Meltzer, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, Gregory N. Pottorff, Lenexa, KS, for Michael J. Skousen, Skousen, Skousen, Gulbrandsen & Patience, P.C.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

In this case, the plaintiff William Kasting brought suit against the American Family Mutual Insurance Company ("American Family") for failure to pay uninsured motorist insurance benefits, and against his previous attorneys, Michael J. Skousen and Skousen, Skousen, Gulbrandsen & Patience, P.C., (collectively, "the Skousen defendants") for their alleged negligence in barring plaintiff's receipt of those same insurance benefits. During the pendency of the suit, plaintiff died. This case comes before the court on the following motions: plaintiff's Motion to Review the Magistrate's Order of Sept. 17, 1998 (Dk.74); the Skousen defendants' Motion to Dismiss (Dk.71); the Estate's Amended Motion for Substitution of Parties (Dk.67); the Skousen defendants' Motion for Summary Judgment (Dk.24), and Supplemental Motion (Dk.46); and American Family's Motion for Summary Judgment (Dk.14). The court will first address the plaintiff's Motion to Review the Magistrate's Order.

*Standard of Review*

■ As to nondispositive pretrial matters, the district court reviews the magistrate judge's order under a clearly erroneous or contrary to the law standard. 28 U.S.C. § 636(b)(1)(A); *Continental Bank, N.A. v. Caton,* 136 F.R.D. 691, 693 (D.Kan.1991). "The clearly erroneous standard requires the district court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred." (citations omitted). *Id.* The district court is not bound by the magistrate judge's decisions of law. Before addressing the magistrate's order from which plaintiff appeals, the court finds it necessary to review the crucial facts, which are relevant to several of the pending motions.

*Relevant facts*

On June 6, 1997, plaintiff died. (Dk.23; Dk.57, attachments; Dk.67). On June 11, 1997, American Family filed a Suggestion of plaintiff's Death, and served it on that same date on counsel for the deceased plaintiff, Dan E. Turner, ("Turner") and on counsel for the Skousen defendants. (Dk.23). On or before September 24, 1997, American Family served the same Suggestion of Death on plaintiff's widow, who had not yet been appointed plaintiff's legal representative. (Dk.70, Exh. B).

On November 4, 1997, Turner filed a Motion to Substitute plaintiff's widow, Loretta Kasting, whom he erroneously represented had been appointed the administrator of plaintiff's estate, as the party plaintiff. (Dk.47). On November 10, 1997, and without

awaiting the full 10 day response time, the magistrate issued an order granting Turner's motion substituting plaintiff's widow as the party plaintiff. (Dk.53). On November 18, 1997, American Family filed an Objection and Motion for Reconsideration of that order, claiming that the plaintiff's wife had not in fact been appointed administrator of plaintiff's estate. (Dk.57).

Attached to that Objection were copies of the entire state court file of the probate proceedings, showing that no administrator had been appointed in plaintiff's estate as of Nov. 18, 1997. (Dk.57, attachments). The probate file also reflected that an attorney other than Turner was acting as counsel for Ms. Kasting in that proceeding. (Dk.57, attachments). The probate file additionally reflected that Ms. Kasting represented to the court that the value of decedent's estate was "personal property of the approximate value of $1,000.00," that the estate could properly be administered under the Kansas Simplified Estates, and that no bond should be required. (Dk.57, attachments). No reference whatsoever was made in the probate file to decedent's pending claims against these defendants. (Dk.57, attachments).

No response to American Family's motion was filed, and on December 12, 1997, the magistrate granted the motion for reconsideration, and set aside its order substituting plaintiff's wife as the party plaintiff. (Dk.59).

On January 9, 1998, Turner filed a Renewed Motion for Substitution of Parties, (Dk.60) and attached thereto a copy of the Letters of Administration showing that plaintiff's widow had been appointed administratrix of his estate on January 8, 1998.[1] After American Family responded to that motion, Turner filed a reply in which he asked the court to extend the time in which to file a Motion for Substitution, and represented that "Loretta Kastings (sic) wishes to enter her appearance on behalf of the Estate and wishes to adopt the previous pleadings filed by counsel for the plaintiff since her husband's death." (Dk.62, p. 3). That pleading

was signed by Turner, as "Attorney for plaintiff." (Id.)

On September 9, 1998, Turner, acting as "Attorney for the Estate of William Kasting" filed an "Amended Motion for Substitution of Parties" (Dk.67) on behalf of the administratrix of the estate, in which he claimed that there had been no properly filed suggestion of death, that his motion for substitution was therefore timely made, and that plaintiff's widow should be substituted as the party plaintiff.

On September 17, 1998, the magistrate issued an order addressing plaintiff's renewed motion for substitution of parties (Dk.60), and plaintiff's request for an extension of time in which to file a motion for substitution (Dk.62), but not addressing the Amended Motion for Substitution of Parties (Dk.67). The magistrate judge's order determined that Turner, as counsel for the deceased plaintiff, lacked authority to file motions on behalf of the plaintiff or to seek relief from the court on behalf of plaintiff after plaintiff's death, and that the request for an extension of time was procedurally deficient for the additional reason that it had not been made by motion, but was included solely in a reply brief. (Dk.69).

The sole issue raised in the motion for review of the magistrate's order is whether the magistrate abused its discretion in finding that the renewed motion to substitute (Dk.60) was deficient because it was filed on behalf of the deceased plaintiff and was signed by Turner as attorney for the plaintiff, instead of by the administrator of plaintiff's estate. The motion to dismiss raises several additional issues: whether the suggestion of death was valid; whether the motion to substitute a party plaintiff was properly and timely made; and, if untimely, whether an extension of time in which to file such a motion should have been granted. Because all of these issues interrelate, the court will address them seriatim.

---

1. Although the letters of administration bear a typewritten date of January 8, 1997, both the certification by the clerk and the file stamp date reflect the date of January 8, 1998. No party claims that the letters of administration were truly issued on January 8, 1997, and the court will act on the fact that the letters of administration were issued and filed on January 8, 1998.

*Analysis*

*Review of Magistrate's Order*

Fed.R.Civ.P. 25(a)(1) provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

■ The magistrate's ruling that the motion to substitute was procedurally deficient was based upon the fact that once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all. "[T]he attorney for the deceased party ... is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule." 7C Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civil § 1955, at 545. *See Fariss v. Lynchburg Foundry,* 769 F.2d 958 (4th Cir.1985). *Fehrenbacher v. Quackenbush,* 759 F.Supp. 1516 (D.Kan.1991). *See Hilsabeck v. Lane Company, Inc.,* 168 F.R.D. 313, 314–315 (D.Kan.1996). "The attorney-client relationship is one of agency and terminates upon the client's death. *State v. Dickens,* 214 Kan. 98, 102, 519 P.2d 750 (1974)." *Hilsabeck,* 168 F.R.D. at 315. The rule plainly requires that a motion to substitute be made "by any party or by the successors or representatives of the deceased party." Fed.R.Civ.P. 25(a)(1). Turner, at the time he made the motion to substitute, was neither a party, nor a successor or representative of the deceased party, nor did he act on behalf of anyone other than the deceased plaintiff.[2] Under these circumstances, no error appears in the magistrate's determination that the motion to substitute was deficient and should be denied.

■ The magistrate additionally denied Turner's request for an extension of time (Dk.62) in which to file the renewed motion to substitute a party. The magistrate found, and this court's review of the record confirms, that the request for an extension was not made by motion as is required by the rules of civil procedure, *see* Fed.R.Civ.P. 7(a), but solely in a reply brief (Dk.62) made by Turner while acting as attorney for the deceased plaintiff. As noted above, Turner was, at the time he requested the extension, neither a party to the action nor a 'representative of the deceased party' of the sort contemplated by the rule. Turner lacked standing to file the motion to substitute, and to request an extension of time in which to file such a motion. Because the request for an extension of time was not made by motion, and was not made "by any party or by the successors or representatives of the deceased party," Fed.R.Civ.P. 25(a)(1), it was fatally deficient, and was properly denied.

*Motion to Dismiss/Amended Motion for Substitution*

The Skousen defendants' Motion to Dismiss (Dk.71) seeks to dismiss the case based upon plaintiff's death, followed by lack of proper substitution of a party plaintiff, pursuant to Rule 25(a). The Amended Motion for Substitution of Parties (Dk.67) filed on behalf of the administratrix of the estate by Turner, acting as "Attorney for the Estate of William Kasting" claims that the suggestion of death was invalid, that the 90 days therefore never commenced to run, that the amended motion to substitute is accordingly timely, and that plaintiff's widow should be substituted as the party plaintiff. The

---

**2.** Turner has neither alleged, nor presented evidence to this court or to the magistrate, that he had been retained to represent the estate at the time his original or renewed motion to substitute was filed. The probate file (Dk.57 attachments) would indicate that Turner was not acting as the representative of the estate at the time either such motion was filed.

Skousen defendants allege that the amended motion is untimely because even though it was filed by the estate, it was not filed within 90 days after the valid suggestion of death, as Rule 25 requires.

Prior to its amendment in 1963, Rule 25(a)(1) required a court to dismiss an action if no motion for substitution had been filed within two years of the death of a party. *See, e.g., Rende v. Kay,* 415 F.2d 983, 984 (D.C.Cir.1969). In order to alleviate the inequities caused by the inflexibility of this rule, *see id.* at 984, Rule 25(a)(1) was amended to require a motion for substitution to be filed within ninety days from the time a suggestion of death is filed in the district court and properly served. *See United States v. Miller Bros. Constr. Co.,* 505 F.2d 1031, 1034–35 (10th Cir.1974); *see also* 7C Wright & Miller, Federal Practice and Procedure § 1955 (2d ed.1986).

*Grandbouche v. Lovell,* 913 F.2d 835, 836 (10th Cir.1990). *See United States v. Miller Bros. Constr. Co.,* 505 F.2d 1031 (10th Cir. 1974). *See also* 7C C. Wright & A. Miller & M. Kane, Federal Practice and Procedure, Civil § 1955, at 542 (1986).

*Validity of Suggestion of Death*

 The court first examines the validity of the suggestion of death. The estate claims that the suggestion of death was invalid because it was not made on behalf of the decedent's heirs or successors or as a representative of his estate, and was not properly served on the successors or representatives of the plaintiff because the suggestion of death did not include Ms. Kasting or other heirs in the certificate of service or otherwise. (Dk.73). The estate does not challenge the facts that Ms. Kasting, the decedent's widow, was served with a copy of the suggestion of death no later than September 24, 1997, and that *no motion to substitute* was made on behalf of the estate within 90 days thereafter.

Rule 25 does not prohibit a party defendant from filing a suggestion of death. The language of the Rule does not require that it be filed on behalf of the decedent's heirs or successors or as a representative of his estate. Instead, the rule is silent as to who is permitted to file a suggestion of death. It

seems trite to state the obvious, that when a plaintiff dies, the defendant's ability to file motions is unaffected because the defendant remains a party. In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed. *See Boggs v. Dravo Corp.,* 532 F.2d 897, 898–99 (3d Cir.1976); *Rende v. Kay,* 415 F.2d 983, 984 (D.C.Cir.1969); *Al-Jundi v. Rockefeller,* 88 F.R.D. 244, 246–47 (W.D.N.Y., Oct.27, 1980); *Ten v. Svenska Orient Linen,* 87 F.R.D. 551, 552 (S.D.N.Y. 1980); *National Equipment Rental Ltd. v. Whitecraft Unlimited Inc.,* 75 F.R.D. 507, 509 (E.D.N.Y.1977); *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1011 (S.D.N.Y.1973).

Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party. Instead, the party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action.

Under the estate's proposed interpretation of Rule 25(a)(1), when a plaintiff dies, if the remaining party is unable to file a suggestion of death, the estate must be probated and a representative selected before the statement of the fact of death can be filed. There is simply nothing in the rule or the advisory committee notes to suggest that Congress intended Rule 25(a)(1) to be so inflexible. *See Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467 (2d Cir.1998) (holding surviving spouse's statement of fact of death was sufficient to trigger 90–day period, despite fact she was neither a party or a formal or appointed representative of the estate of the decedent).

The estate relies in error upon *Hilsabeck v. Lane Company, Inc.,* 168 F.R.D. 313 (D.Kan.1996). There, the court found that a suggestion of death filed by counsel for deceased plaintiff was not valid, and did not trigger running of 90–day time limit for filing motion to substitute. The court held that the suggestion of death on record, which counsel for the deceased plaintiff filed, was not valid,

much like the magistrate in the present case found. Although the court stated that counsel "did not purport to make the suggestion of death on behalf of the decedent's heirs or successors or as a representative of his estate," this language was in the context of determining that the attorney for the deceased party had no authority to make the suggestion of death since he was not a party to the action and was not a "representative of the deceased party" of the sort contemplated by the rule. 168 F.R.D. at 314. Neither *Hilsabeck,* nor any other reported case which the court has found, prohibits a defendant from suggesting the plaintiff's death upon the record. The court therefore holds that the defendant was able to trigger the 90 day limitation period of Rule 25(a)(1) by filing a suggestion of death.

The estate additionally contends that the suggestion of death was not properly served on the successors or representatives of the plaintiff because the suggestion of death did not include any such person in the certificate of service or otherwise, and did not "indicate that they were being served like a summons." (Dk.73, p. 2).[3]

Fed.R.Civ.P. 25(a)(1) mandates that the motion for substitution be served on persons who are not parties to the action in accordance with the requirements of Fed.R.Civ.P. 4, and that the suggestion of death be served in the same manner. *Grandbouche,* 913 F.2d at 837; *Fehrenbacher,* 759 F.Supp. at 1518. Since Ms. Kasting was not a party to this action, defendants were required to comply with this rule. The court finds that defendants did so.

Fed.R.Civ.P. 4(c)(2)(C) provides that "[a] summons and complaint may be served ... (i) pursuant to the law of the State in which the district court" sits. Service is also permissible by the methods set forth in Fed. R.Civ.P. 4(e). Service upon Ms. Kasting, a non-party, was accomplished by certified mail service, a permissible method as set forth in Rule 4, and in K.S.A. § 60–303(b) and/or § 60–308(e). Accordingly, the requirements in Rule 25 for service of a suggestion of death are met.

Contrary to the estate's assertions, the rule does not require that the non-party be named in the suggestion of death, or that the certificate of service reflect the service of a non-party. Although inclusion of such information is desirable when it is known to the party suggesting death, the court finds the imposition of such a requirement unreasonable where, as here, the opposing party suggests death soon after death occurs, and has no personal knowledge at that time of who the successors or representatives of the decedent may be. Requiring an opposing party to await the formal determination of who the decedent's successors or representatives are before filing a suggestion of death would delay that suggestion, and likely all other legal proceedings in the case, an inordinate period of time.

Here, the suggestion of death was filed in June, but not served on Ms. Kasting until September, of 1997. Under these circumstances, the service of the suggestion of death is valid despite the fact that it does not mention Ms. Kasting therein.[4] See *Yonofsky,* supra, (holding suggestion of plaintiff's death served by defendant two days after plaintiff's death not defective on ground that it was only served on plaintiff's attorneys and failed to identify plaintiff's representative.)

Under the rubric of procedural formality, and in the interest of providing adequate notice to all entities affected by the death who are involved in the proceeding, the courts have required the suggestion of death to be embodied in a written statement. *United States v. Miller Brothers Constr. Co.,* 505 F.2d 1031, 1034–35 (10th Cir.1974). The suggestion should substantially conform to Form 30, contained in the Appendix of

---

**3.** The estate does not contend that Ms. Kasting was not, in fact, the proper person to receive service of the suggestion of death. The plain language of Rule 25 expressly states that motions to substitute are to be made by representatives or successors, but does not similarly require service of a suggestion of death on a representative or successor. Instead, service of the suggestion is to be made upon parties and "upon persons not parties." Ms. Kasting was a person non-party within the meaning of this rule.

**4.** The estate does not contend that Ms. Kasting was not a proper person to receive service of the suggestion of death. See Dk.73.

Forms to the Federal Rules of Civil Procedure. *Yonofsky, supra.* Rule 25 requires the suggestion to be "upon the record" and thus it must be served upon all parties to the action and filed with the clerk of the court.[5] The suggestion of death filed by the defendant in the present case meets these requirements, as well as those challenged by the estate, and is thus valid.

*Timeliness of amended motion*

■ The 90 day limitation period of Rule 25(a)(1) is measured from the time the suggestion of the death has been served upon the parties to the action and other interested persons, not from the time the deceased party died. *Fehrenbacher,* 759 F.Supp. at 1519. *See* 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 25.06 (2d ed.1990). Here, the 90 day period was triggered by service of the suggestion of death on September 24, 1997, and expired on December 24, 1997. The estate's amended motion to substitute, filed on September 9, 1998, was nearly nine months thereafter and is clearly untimely.

Dismissal of the case is not mandatory in every instance, however.

■ Whether an action should be dismissed for failure to comply with the 90 day time limit lies within the sound discretion of the district court. *See* Fed.R.Civ.P. 25(a)(1) Advisory Committee's Note (1964); *see also Staggers v. Otto Gerdau Company,* 359 F.2d 292, 296 (2d Cir.1966) ("It is [also] intended that the court shall have discretion to enlarge [or not enlarge] th[e substitution] period."). In making this determination the Court is mindful of the underlying purpose of Rule 25(a)(1) which is to allow flexibility in substitution. To effectuate this purpose, the rule should be liberally interpreted. *Rende v. Kay,* 415 F.2d 983, 986 (D.C.Cir.1969).

*Zeidman v. General Accident Insurance Company,* 122 F.R.D. 160, 161 (S.D.N.Y. 1988).

Rule 6 of the Federal Rules of Civil Procedure, which gives the court discretion to enlarge time periods set forth in other rules,

was modified contemporaneously with Rule 25 so as to expand its coverage to Rule 25. *Staggers v. Otto Gerdau Co. Inc.,* 359 F.2d 292 (2d Cir.1966). This court has previously noted the application of Rule 6 to the 90 day period established in Rule 25 in *In re McClay,* slip no. 88–1069–C, 1990 WL 66605 (D.Kan. April 26, 1990), where, as here, the motion for substitution was not filed until well outside the 90 day time limit.

Dismissal of the case was not mandatory however. The general provisions of Rule 6(b) apply to motions for substitution. Rule 6(b)(2); 7C Wright & Miller, supra, § 1955, at 545–546.... Since the motion for substitution was not filed until after the expiration of the 90 day period the bankruptcy court could have, in it discretion, granted the motion on a showing by Mrs. Nuckolls that the failure to act earlier was the result of excusable neglect. The burden is on the movant to establish that the failure to act timely was the result of excusable neglect. *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973). The bankruptcy court found that Mrs. Nuckolls did not give a reason for her noncompliance with the rule. A review of the record reveals the accuracy of that finding. Since she failed in her burden to show excusable neglect, the bankruptcy court did not abuse its discretion in denying her second motion for substitution and dismissing the case.

The court may enlarge the 90 day period upon request made prior to the expiration of such period. *In re Klein,* 36 B.R. 390, 391 (Bkrtcy.E.D.N.Y.1984). Where, as here, no such request is made, the court may order substitution if the movant demonstrates excusable neglect. Fed.R.Civ.P. 6(b)(2). *See* 7A Wright & Miller, Federal Practice and Procedure § 1955 at 659 (1972).

The party moving for an extension must "demonstrate good faith and ... show 'some reasonable basis for noncompliance within the time specified in [ Rule 25(a)(1).]' " *Yonofsky, id.* at 1012 (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure: Civ-

---

**5.** The 90 day period runs from service, not from the date proof of service is made. Service of a suggestion of death should be treated as a service of summons, as Rules 25 and 4 require. As Fed.

R. Civ. Pro. 4(*l*) states: "Failure to make proof of service does not affect the validity of the service."

il § 1165, at 622 (1969)). It is not sufficient to show that the delay "was due to simple inadvertence." 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1165, at 481 (1987).

The Court emphasizes that the moving party needs to prove both good faith and a reasonable basis for noncompliance in order to be successful under Rule 6(b)(2). Excusable neglect "has proven to be an elastic concept." 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 1165 at 479 (1987).

*Zeidman*, 122 F.R.D. at 161–162. If the Rule 6(b)(2) motion is not granted, the action must be dismissed for failure to comply with the ninety-day limitation of Rule 25(a)(1). *Yonofsky*, 362 F.Supp. at 1012.

■ Here, the estate has failed to make an adequate showing of either good faith or excusable neglect with respect to the failure to move in a timely fashion for substitution of a proper party. In fact, the estate has made no effort to show either. Although difficulty in appointing an administrator could warrant an extension of time under Rule 6(b) where there is a prompt application for such an appointment, *see Yonofsky*, 362 F.Supp. at 1013, no reason for not requesting an extension of time is here alleged, and none is shown. No reason has been offered for the delay in obtaining probate court authority. Further, Ms. Kasting was appointed administratrix of the estate on January 8, 1998, approximately two weeks after the 90 day period expired. The estate's amended motion to substitute was not filed until eight months after Ms. Kasting's appointment, and was done so without any explanation whatsoever for the delay. Under these circumstances, the court cannot find excusable neglect for the failure to move to substitute within 90 days after the suggestion of death.

The court is also mindful of the potential prejudicial effect of the estate's delay on the defendants.

Moreover, the resultant prejudice to defendant due to this delay and uncertainty surrounding this litigation strengthen the finding that the delay preceding this motion was inexcusable. *See Al–Jundi v. Rockefeller*, 88 F.R.D. 244, 247 (E.D.N.Y.1980). In determining that prejudice has occurred, the period of the delay is a relevant factor. *Compare Staggers, supra*, 359 F.2d at 296 (2 day delay was excusable neglect as no prejudice resulted) with *Ashley v. Illinois Central Gulf Railroad*, 98 F.R.D. 722, 724 (S.D.Miss.1983) (waiting until eighty-ninth day after the filing of a suggestion of death to file a motion to substitute as inexcusable neglect where prejudice to defendant existed). Additionally, prejudice can occur due to the unnecessary imposition of the burdens of prolonging litigation. Where there is no action in an underlying litigation for a prolonged period of time, the defendant is unduly burdened in several ways: his counsel is beset with unnecessary litigation, it is compelled to make a motion to dismiss long after the Suggestion of Death was placed on the record, it is required to respond to plaintiff's untimely motion to substitute, and as a result, defendant incurs unnecessary expense. *See Ten v. Svenska Orient Linen*, 87 F.R.D. 551, 552–53 (S.D.N.Y.1980). Finally, in determining whether to grant a motion to enlarge, the District Court must keep in mind that the Federal Rules "shall be construed [and implemented in such a manner] to secure, the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see Urban v. Talleyville Fire Co.*, 98 F.R.D. 634, 637 (D.Del.1983) ("[W]hen one side inexcusably fails to comply within a year of the time prescribed by the rules, prejudice to the other side can be implied because such failure tends to deny a speedy and inexpensive resolution of the litigation.") *aff'd without opinion*, 732 F.2d 147 (3d Cir.1984).

*Zeidman*, 122 F.R.D. at 162–163.

Here, the estate's counsel did not move to substitute a party plaintiff until over nine months after the expiration of the 90 day period. This delay has forced the defendants to continue to defend an action which plaintiff's heirs have shown little interest in pursuing. Under these circumstances, defendants should not be burdened with the unnecessary costs of defending an action long after a plaintiff has died.

IT IS THEREFORE ORDERED that plaintiff's Motion to Review the Magistrate's Order of Sept. 17, 1998 (Dk.74) is denied.

IT IS FURTHER ORDERED that the Estate's Amended Motion for Substitution of Parties (Dk.67) is denied.

IT IS FURTHER ORDERED that the Skousen defendants' Motion to Dismiss (Dk.71) is granted.

IT IS FURTHER ORDERED that the Skousen defendants' Motion for Summary Judgment (Dk.24), as Supplemented (Dk.46), and American Family's Motion for Summary Judgment (Dk.14) are denied as moot.