# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 09-6005

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Rodney Arthur Johnson, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Rodney Arthur Johnson, | * | |
| | * | Appeal from the United States |
| Plaintiff - Appellant, | * | Bankruptcy Court for the District of |
| | * | South Dakota |
| v. | * | |
| | * | |
| Gregory County Auditor, | * | |
| | * | |
| Defendant - Appellee | * | |

_____

Submitted: February 25, 2009
Filed: March 11, 2009

_____

Before FEDERMAN, MAHONEY, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's order denying a motion for a default judgment and dismissing an adversary complaint seeking damages for alleged violations of the automatic stay or discharge injunction.[1]  We dismiss the appeal.

---

[1] Honorable Charles L. Nail, Jr., United States Bankruptcy Court, District of South Dakota.

Although the caption names the Debtor, Rodney Arthur Johnson, as the Plaintiff-Appellant, Mr. Johnson is not a party to this appeal, nor was he a party to the adversary proceeding, because he died before the complaint was filed in September 2008. Douglas Kettering, the attorney who represented the Debtor in his bankruptcy case prior to his death, filed the underlying adversary proceeding as well as this appeal.

Mr. Kettering has not shown that he has any authority or standing to pursue this appeal, or to bring the underlying adversary action, after the death of his client. The attorney-client relationship between Mr. Kettering and the Debtor terminated upon the Debtor's death. 7A C.J.S. Attorney & Client § 274 (2008). *See also Kasting v. American Family Mutual Insurance Company*, 196 F.R.D. 595, 598 (D. Kan. 2000). An attorney cannot file a suggestion of death on behalf of a former client, let alone initiate an adversary proceeding or pursue an appeal. *Id.*; *In re Klein*, 36 B.R. 390, 392 (Bankr. E.D. N.Y. 1984).

In the absence of any proof that Mr. Kettering has been appointed as the attorney or representative of the Debtor's probate estate, Mr. Kettering does not have standing to pursue this appeal (nor did he have standing to initiate the underlying adversary action). We therefore dismiss this appeal for lack of jurisdiction. *See Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006) (standing is a prerequisite to subject matter jurisdiction).

Appeal dismissed.

_____